# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-1309EM

_____

| | | |
|---|---|---|
| Danny Hendricks, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United |
| v. | * | States District Court |
| | * | for the Eastern District |
| | * | of Missouri. |
| Kelly Lock, Superintendent of Central | * | |
| Missouri Correctional Center, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 13, 2000

Filed: February 9, 2001 (Corrected 3/19/01)

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD and HANSEN, Circuit
Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.


In this appeal, the State of Missouri seeks to reverse the conditional grant of
habeas corpus to Danny Hendricks, a Missouri prisoner. The District Court,[1] in
granting the writ, held that the insufficient performance of appellate counsel had in

_____

[1]The Hon. Carol E. Jackson, United States District Judge for the Eastern District
of Missouri.

effect denied Mr. Hendricks his first appeal of right in the state courts. We agree and affirm.

I.

The facts, viewed in a light most favorable to the verdict, are as follows. A confidential informant helped an undercover Missouri detective to arrange to buy drugs from Mr. Hendricks's sister, Connie Wood. Mr. Hendricks was present during the transaction, which involved 100 dollars' worth of cocaine. After the sale had been completed, and Ms. Wood had left the room, Mr. Hendricks said that if the detective tried the drugs and liked them, he could sell him a larger quantity the next day. The detective said that if he liked the drugs, he would get in touch, and they would "do the deal." The proposed transaction never took place.

On the basis of these facts, Mr. Hendricks was convicted at a bench trial of selling a controlled substance in violation of Missouri Revised Statutes § 195.211. The statutory definition of sale includes an offer for sale, see Mo. Rev. Stat. § 195.010(37), but "offer for sale" is not defined. See generally Mo. Rev. Stat. § 195.010 (defining terms). Mr. Hendricks appealed, arguing that the statute did not authorize a conviction unless the person charged with offering drugs for sale was proved to have had access to some drugs with which to make the offer good. His appeal was rejected without a decision on the merits. The Missouri Supreme Court explained as follows:

> Appellant's argument does not allow a decision. Appellant does not say why there must be evidence that he had access to the substance. Appellant cites cases that he contends show the need for a presence of a controlled substance, but he does not connect them to the present case in any respect, nor does he provide explanation of why they might be authoritative. His statements, although thought-provocative, are nothing more. His statements are presented, then left unsupported by any

reasoning. Left as they are, completely undeveloped, they provide nothing for meaningful review.

State v. Hendricks, 944 S.W.2d 208, 210 (Mo. 1997) (en banc).[2] Mr. Hendricks filed a motion to recall the mandate, arguing that he had received ineffective assistance of appellate counsel. The Missouri Supreme Court summarily denied this motion. Petitioner then urged the claim by way of a 28 U.S.C. § 2254 motion in United States District Court. The Court's order granting that motion is before us now.

II.

The District Court held, under the familiar standard of Strickland v. Washington, 466 U.S. 668 (1984), that Mr. Hendricks's appellate counsel did not exercise skill and diligence at the level to be expected of a reasonably competent attorney. The State does not challenge that part of the order. But attorney incompetence, standing alone, does not necessarily justify a writ of habeas corpus. In the usual case, a defendant who seeks the protection of Strickland must also show that counsel's incompetence caused him some material harm. See id. at 687. In the District Court's view, Mr. Hendricks's case fell within an exception to that rule for defendants who are, actually or constructively, altogether denied the assistance of counsel in a proceeding where a constitutional right to it exists. See id. at 692. For that reason the District Court did not require Mr. Hendricks to show a reasonable probability that he would have prevailed in the state appellate court with the benefit of competent counsel.

The State first argues that the District Court applied the wrong standard of review. 28 U.S.C. § 2254(d) limits the circumstances in which a petitioner may obtain

_____

[2]One judge dissented, asserting that the point was adequately briefed and in fact had merit.

-3-

federal habeas corpus relief with respect to a claim adjudicated on the merits in a state court: such relief is available only if the state's adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in a State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The State contends that, under these provisions of the statute, the District Court could issue the writ only if the Missouri Supreme Court's denial of the motion to recall the mandate on the ineffective-assistance claim involved an unreasonable application of clearly established Supreme Court precedent. We are asked to reverse on the ground that the District Court engaged in an inappropriate de novo review.

We do not believe that the case should go back to the District Court for any error concerning standard of review. First, the State cites no passage in the District Court's order that would tend to support the inference that the Court applied de novo review. The order does recite that a de novo standard was applied in adopting the recommendation and proposed order of the United States Magistrate Judge, but the standard applied there is not challenged. Second, the State conceded at oral argument that Mr. Hendricks's appellate counsel was constitutionally deficient. Thus, any § 2254(d)(1) question would go only to the District Court's review of an implied state decision on Strickland prejudice. Because the prejudice issue in this case is purely legal, our own de novo review of the District Court's decision allows us to determine and apply for ourselves the correct standard of review under § 2254(d)(1). "The rule is well established that a decision of a lower court can be affirmed if 'the result is

correct although the lower court relied upon a wrong ground or gave a wrong reason.' " Office and Prof. Employees Int'l Union, Local 2 v. Washington Metropolitan Area Transit Authority, 724 F.2d 133 (D.C. Cir. 1983), quoting SEC v. Chenery Corp., 318 U.S. 80, 88 (1943) (further internal quotations omitted).

## II.

For the sake of argument, we adopt the State's interpretation of the Missouri Supreme Court's order denying the motion to recall the mandate. That is, we assume that the order implies a decision on the merits that Mr. Hendricks was not prejudiced by his counsel's deficient performance. The question then becomes whether such a decision would (1) be contrary to, or (2) involve an unreasonable application of, clearly established Supreme Court precedent. See 28 U.S.C. § 2254(d)(1). An "unreasonable application" of precedent is one that, "evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under existing Supreme Court precedent." Long v. Humphrey, 184 F.3d 758, 760 (8th Cir. 1999).

In our view, it would be unreasonable to hold that a defendant in Mr. Hendricks's position was not prejudiced by his counsel's delinquency. It is clear that "the Constitution cannot tolerate trials in which counsel, though present in name, is unable to assist the defendant to obtain a fair decision on the merits," and that the same constitutional protection extends to the first appeal of right. Evitts v. Lucey, 469 U.S. 387, 395-96 (1985). The Supreme Court has also clearly stated that, where the ineffective performance of counsel deprives a defendant of his appeal altogether, post-conviction relief under 28 U.S.C. § 2255 cannot be conditioned on a showing that the appeal would likely have succeeded. See Rodriquez v. United States, 395 U.S. 327, 330 (1969) ("Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given an additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings.")

The State urges that Mr. Hendricks did receive an appeal. There is no point in arguing about semantics. We agree that he received something, and that it would be hard to call it anything but an appeal, but we cannot agree that what he received passed constitutional muster. The purpose of having counsel on appeal is to get a decision on the merits of the appealable issues the record presents. See Lucey, supra, at 393 ("the services of a lawyer will for virtually every layman be necessary to present an appeal in a form suitable for appellate consideration on the merits"); 394 n.6 (counsel is necessary "for the defendant to obtain a decision at all – much less a favorable decision – on the merits of the case"); 395 ("the Constitution cannot tolerate trials in which counsel, though present in name, is unable to assist the defendant to obtain a fair decision on the merits"); see also United States v. Cronic, 466 U.S. 648, 656 (1984) ("[t]he right to the effective assistance of counsel is . . . the right of the accused to require the prosecution's case to survive the crucible of meaningful adversarial testing"). Although the Constitution does not guarantee adjudication on the merits in every case, it does require that a criminal defendant pursuing a first appeal of right shall not be completely deprived of such an adjudication by the blunders of his own lawyer.

The State next points out that the Supreme Court has distinguished the complete denial of appellate counsel, which would justify a presumption of Strickland prejudice, from "a case in which counsel fails to press a particular argument on appeal . . . or fails to argue an issue as effectively as he or she might." Penson v. Ohio, 488 U.S. 75, 88 (1988). According to the State, a defendant alleging the latter kind of ineffective assistance would not be entitled to a presumption of prejudice. Mr. Hendricks's case is not so easily distinguishable from one that involves a complete denial of counsel. His claim is not that there was some important issue that his attorney failed to raise or that should have been argued more strenuously than it was. His claim is that the advocacy he got did not move him appreciably closer to a decision on the merits on *any* issue than would no advocacy at all. This claim is sufficiently supported by the fact that the Missouri Supreme Court refused to address the substance of Mr. Hendricks's appeal.

-6-

The State's case is severely weakened by the fact that the Supreme Court has explicitly extended the Rodriquez rule to cases arising under § 2254. See Roe v. Flores-Ortega, 528 U.S. 470, — , 120 S. Ct. 1029, 1038 (2000). Although Flores-Ortega was not decided until after the Missouri Supreme Court had rejected Mr. Hendricks's motion, the principles underlying the rule are general and have long been clear. See Flores-Ortega, 120 S. Ct. at 1039 (stating that "this prejudice standard breaks no new ground . . . ;" citing Hill v. Lockhart, 474 U.S. 52 (1985), Rodriquez, supra, and Lucey, supra). Defendants in state courts have the same right to the effective assistance of appellate counsel as do their federal counterparts. Indeed, the Supreme Court case that established that right involved an appeal from a state conviction. See Lucey, supra. We cannot think of a reasonable ground on which a court addressing this issue, even prior to Flores-Ortega, could have held that the same right should receive less protection in one forum than in the other.

Mr. Hendricks was altogether denied a decision on the merits in his first appeal of right. It is unquestioned that he wished to take an appeal and that he so instructed his appellate counsel. The only reason he did not get a decision on the merits is that his counsel's performance fell short of the constitutional standard. In such a case, it is inappropriate and irrelevant to speculate what the decision on the merits might have been.

### III.

Because prejudice is presumed as a matter of law, there is no need to remand to the District Court. We therefore affirm the District Court's order provisionally granting the writ of habeas corpus.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.