Roy **DUMAS**, Petitioner,

v.

Walter **KELLY**, Superintendent, Attica Correctional Facility, Respondent.

No. 97–CV–2210 JG.

United States District Court,
E.D. New York.

Sept. 20, 2001.

Philip R. Edelbaum, New York City, for Petitioner.

Richard A. Brown, District Attorney, Queens County, John M. Castellano, Peter Mason, Assistant District Attorneys, Kew Gardens, NY, for Respondent.

## MEMORANDUM AND ORDER

GLEESON, District Judge.

Roy Dumas has filed a petition for a writ of habeas corpus, *see* 28 U.S.C. § 2254, contending that his counsel was constitutionally ineffective for failing to file a notice of appeal. For the reasons stated below, a conditional writ is granted, pursuant to which petitioner's release will be ordered unless the state takes action to provide him with a direct appeal within 45 days.

A prior memorandum and order, in which I denied respondent's motion to dismiss pursuant to Rule 9(a) of the Rules Governing Section 2254 cases in the United States District Court and dismissed the petition for failure to exhaust the claim of ineffective assistance of appellate counsel, was issued on June 6, 2000. *See Dumas v. Kelly,* 105 F.Supp.2d 66 (E.D.N.Y.2000).

Familiarity with that decision, which sets forth the procedural history of the petition, is assumed here.

A. *Procedural Developments Since My June 6, 2000 Order*

On June 19, 2000, petitioner filed a motion for a writ of error coram nobis, which the Appellate Division denied on November 6, 2000. Thereafter, petitioner requested that his habeas petition be reinstated, which was granted in an order dated November 28, 2000. An evidentiary hearing on the issue of whether Dumas asked his lawyer at sentencing, Sidney Guran, to file a notice of appeal was held on April 13, 2001. At the conclusion of the hearing, I credited Dumas's testimony and found that he had, in fact, asked Guran to file a notice of appeal, and that Guran assured him that he would file the notice. Moreover, since Guran told Dumas at that time that the appeal would take four to five years, it was not unreasonable—and not reflective of an absence of diligence—for Dumas to wait three and one-half years before contacting the Appellate Division regarding the status of the appeal. The reasonableness of Dumas's conduct is not undermined, as respondent suggested at oral argument, by the fact that Dumas was aware that Guran himself would not handle the appeal. Respondent contends that Dumas "had to make the affirmative step to ask [the appellate court] for somebody to be assigned." April 13, 2001, Transcript at 29. But Dumas had no way of knowing that and every reason to believe that Guran had taken care of it.

In sum, I find that Dumas instructed his attorney to file a notice of appeal; the attorney failed to follow that instruction despite assuring Dumas that he would; and Dumas exercised reasonable diligence in monitoring his appeal under the circumstances.

## DISCUSSION

▬ It is well-settled that due process requires that defendants have effective assistance of counsel on appeals as of right, *Evitts v. Lucey*, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985), and that an appeal from a criminal conviction is a matter of right. *Coppedge v. United States*, 369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). A defendant asserting that his counsel rendered constitutionally ineffective assistance must show both that his attorney's performance was objectively unreasonable and that he was prejudiced by the deficiency. *See Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). The Supreme Court has held that the standard first articulated in *Strickland* applies when a defendant alleges that his counsel was ineffective for failing to file a notice of appeal. *See Roe v. Flores–Ortega*, 528 U.S. 470, 476–77, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) (citing *Strickland*, 466 U.S. at 688, 694, 104 S.Ct. 2052).

A defendant satisfies the first *Strickland* prong if his attorney "disregards specific instructions from the defendant to file a notice of appeal," for there could be no objectively reasonable grounds for failing to comply with such a request. *See Flores–Ortega*, 528 U.S. at 477, 120 S.Ct. 1029 (citing *Rodriquez v. United States*, 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)); *see also Peguero v. United·States*, 526 U.S. 23, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999) ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."). The prejudice prong of the *Strickland* test is made out in such cases if the defendant can show that "but for counsel's deficient performance, he would have appealed." *Flores–Ortega*, 528 U.S. at 483, 120 S.Ct. 1029; *see also id.* (noting that there is a "presumption of prejudice" when counsel's deficient performance resulted in the loss of an entire judicial proceeding). Both prongs are satisfied if counsel knew definitively of the defendant's desire to appeal but failed to file the required notice.

▬ That is what happened to Dumas in state court. I therefore conclude that Dumas was denied effective assistance of counsel due to his counsel's failure to file the requested notice of appeal.[1] *See Restrepo v. Kelly*, 178 F.3d 634, 640 (2d Cir. 1999) (If the defendant told his lawyer to appeal from the conviction, " 'and the lawyer dropped the ball, then the defendant has been deprived, not of effective assistance of counsel, but of any assistance of counsel on appeal. Abandonment is a per se violation of the sixth amendment.' ") (quoting *Castellanos v. United States*, 26 F.3d 717, 718 (7th Cir.1994)). Finally, as noted above, Dumas need not demonstrate the likelihood of success on appeal before obtaining relief. *Peguero*, 526 U.S. at 23, 119 S.Ct. 961 ("[W]hen counsel fails to file a requested appeal, a defendant is entitled to [a new] appeal without showing that his appeal would likely have had merit."); *Rodriquez*, 395 U.S. at 330, 89 S.Ct. 1715 ("Those whose right to appeal has been frustrated should be treated exactly like any other appellants; they should not be given any additional hurdle to clear just because their rights were violated at some earlier stage in the proceedings."); *see also McHale v. United States*, 175 F.3d 115, 119 (2d Cir.1999) ("petitioner need not demonstrate that, but for the ineffectiveness of counsel, [a direct] appeal would

---

1. As described in my prior opinion, Guran's mental competence was in doubt as early as 1986, though he had already stopped accepting new cases after his 70th birthday in 1984, approximately one year after his representation of Dumas. 105 F.Supp.2d at 71–72.

have succeeded or even would have had merit.").

## CONCLUSION

For the reasons stated above, Dumas's petition for a writ of habeas corpus is conditionally granted. Respondent is hereby ordered to take the steps necessary to afford petitioner a direct appeal within 45 days of this opinion. If those steps require further order of this Court, respondent should promptly make the appropriate application.

So Ordered.