# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-3300

_____

United States of America,

        Appellee,

v.

Gregorio V. Arvizu,

        Appellant.

\*
\*
\*
\*  Appeal from the United
\*  States District Court
\*  for the District of Nebraska.
\*
\*
\*

_____

Submitted: October 15, 2001
Filed:  November 6, 2001

_____

Before MURPHY, BEAM, and BYE, Circuit Judges.

_____

MURPHY, Circuit Judge.

Gregorio Arvizu pled guilty to possession with intent to distribute cocaine in violation of 21 U.S.C. § 841(a)(1) and was sentenced to fifty two months in prison. Arvizu filed a notice of appeal fifty seven days later, and the appeal was dismissed as untimely.  Arvizu later moved under 28 U.S.C. § 2255 to vacate his sentence.  The district court[1] denied the motion, and we granted a certificate of appealability on the issue of whether Arvizu's trial counsel was constitutionally ineffective for not filing a timely notice of appeal.  We now affirm.

_____

[1]The Honorable Lyle E. Strom, United States District Judge for the District of Nebraska.

Arvizu claims that he is entitled to relief under § 2255 for ineffective assistance of counsel. He says his attorney told him that there were no credible issues to raise, that it can be inferred from the circumstances that his counsel refused to file an appeal, and that he is entitled to an evidentiary hearing if the court finds the record insufficient to draw the inference. The government submitted an affidavit from Arvizu's trial counsel, Steven J. Lefler. Lefler testified in his affidavit that at the conclusion of the sentencing hearing he had advised his client that he would not represent him in filing an appeal because there were no appealable issues, but that he would prepare the appeal papers and give them to Arvizu to file if he wished. Lefler said that he prepared the appeal papers and delivered them to Arvizu in ample time for him to look them over, sign and file them by the deadline. He also offered to file the papers if Arvizu wished, but he never heard back from Arvizu. The government also points out that Arvizu was informed by the court at sentencing that any notice of appeal would have to be filed within ten days and he responded that he understood his rights and the time requirement.

The district court denied the petition without an evidentiary hearing. It found that Arvizu's claim was without merit, that Lefler had consulted with his client, that Arvizu had never contacted Lefler to advise him that he wanted to proceed with the appeal, and that Arvizu had understood at the sentencing hearing the time requirement for appeal. On appeal Arvizu again contends that he directed his counsel to file an appeal and his counsel failed to do so. The government counters that there is no evidence that Arvizu asked his attorney to file an appeal after their consultation.

If an attorney has consulted with his client about an appeal, he will not be found ineffective unless he fails to follow "express instructions with respect to an appeal." Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000). The record shows that Lefler did consult with his client about his right to file an appeal, and Arvizu concedes this point on page ten of his brief. There is an absence of any evidence in the record to counter Lefler's testimony that he never received express instructions

from Arvizu about his appeal.  Arvizu has therefore not made out an ineffective assistance claim, and he has not shown that the district court was required to hold an evidentiary hearing.

For these reasons, we affirm the judgment of the district court.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.