2002 ND 77

**Ambrose Joel WHITEMAN, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20010224.**

Supreme Court of North Dakota.

May 14, 2002.

Ambrose Joel Whiteman, pro se, Bismarck, ND, Submitted on brief.

Wade Lykken Webb, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Ambrose Joel Whiteman appealed from a judgment summarily dismissing his application for post-conviction relief. We conclude Whiteman has raised a genuine issue of material fact whether his attorney was ineffective for failing to follow his instructions to appeal his criminal conviction, entitling him to an evidentiary hearing on the issue. We reverse and remand for further proceedings.

I

[¶ 2] On May 22, 1998, a Cass County jury found Whiteman guilty of class AA felony murder in connection with the October 1997 death of Donald Strassberg in Fargo. Whiteman was sentenced to life imprisonment without parole. No appeal was taken from the criminal judgment and commitment.

[¶ 3] On June 25, 2001, Whiteman filed a pro se application for post-conviction relief, claiming he was "denied effective assistance of counsel at trial herin [sic], and in his Direct Appeal attorney, Gordon Dexheimer as counsel failed to file the required Notice of Appeal as requested, thereby; denying defendant of his requested appeal." Whiteman sought "all rights attendant to his Direct Appeal," including trial transcripts and a court-appointed attorney to handle the appeal. Whiteman's application was accompanied with an affidavit, in which he claimed:

That following the said trial attorney Gordon Dexheimer, was informed by Ambrose Joel Whiteman, that he wanted to appeal the conviction and sentence and was promised that an appeal would be taken.

. . . .

It was the petitioner's understanding that an appeal was being taken from the conviction.

. . . .

I attempted to contact between [sic] attorney Gordon Dexeimer [sic], to determine how my appeal was going, and upon contacting him, I was assured that the appeal would be taken.

. . . .

That the petitioner found out through other individuals that attorney Gordon Dexheimer, has been disbarred and is no longer practicing law.

. . . .

The petitioner upon finding such facts concerning Gordon Dexheimer's being disbarred brings this post-conviction relief.

[¶ 4] The State denied Whiteman's allegation in its response, and "put[] the petitioner upon his proof." The State argued Whiteman's application should be summarily denied because Dexheimer "consult[ed] with petitioner and follow[ed] the petitioner's express wishes to not Appeal the underlying criminal conviction." The State supported its motion with Dexheimer's affidavit, in which he stated he had not been disbarred, and:

That after Ambrose Joel Whiteman's conviction in May of 1998, as well as after Ambrose Joel Whiteman's sentencing to Life in prison without parole, I discussed all options available to him, including his right to Appeal within 10 days of his sentencing and his right to submit a Rule 35 within 120 days;

That, after discussing the options of an Appeal and a Rule 35, Ambrose Joel Whiteman told me he did not want to Appeal, but did want to submit a Rule 35 to the Court for a possible reduction of his sentence; [1]

1. In a September 15, 1998 letter to the trial court requesting a reconsideration of his sen-
tence which is contained in the record of his criminal conviction, Whiteman said:

[¶ 5] Dexheimer further stated he responded to one of Whiteman's letters in January 1999 and reminded him of "our discussions following his conviction and again after his sentencing, . . ." Dexheimer attached to his affidavit Whiteman's January 1999 letter, in which Whiteman asked Dexheimer "about my Appeal on my case. I have ask [sic] you once before about my appeal, but I got no response. So I hope you could tell me something about my Appeal, a court date or something."

[¶ 6] Whiteman moved for an evidentiary hearing because "there is in dispute evidence of material fact." The court denied Whiteman's request for an evidentiary hearing and granted the State's motion for summary disposition, concluding "Whiteman has failed to present sufficient evidence showing a genuine issue of material fact concerning his claim that his trial counsel was ineffective because he allegedly failed to pursue an appeal of conviction and sentence." Whiteman appealed.

## II

[¶ 7] Under N.D.C.C. § 29-32.1–09(1), a trial court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Hughes v. State*, 639 N.W.2d 696, 2002 ND 28, ¶ 4. We review an appeal from a summary denial of post-conviction relief as we review an appeal from summary judgment. *Abdi v. State*, 2000 ND 64, ¶ 8, 608 N.W.2d 292. The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Heyen v. State*, 2001 ND 126, ¶ 6, 630 N.W.2d 56.

### A

[¶ 8] Whiteman argues he is entitled to an evidentiary hearing on his ineffective assistance of counsel claim based on the United States Supreme Court's decision in *Roe v. Flores–Ortega*, 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000).

[¶ 9] In *Flores–Ortega*, the defendant pled guilty to second degree murder in a state court and was sentenced to 15 years to life in prison. The trial judge informed the defendant he had 60 days to appeal. Although defense counsel wrote "bring appeal papers" in her file, no notice of appeal was filed within the 60 days allowed by state law. *Flores–Ortega*, 528 U.S. at 474, 120 S.Ct. 1029. About four months after sentencing, the defendant attempted to file a notice of appeal, which was rejected by the clerk of court as untimely. After unsuccessful attempts at obtaining state habeas corpus relief, the defendant filed a federal habeas corpus petition alleging constitutionally ineffective assistance of counsel based on his attorney's failure to file the notice of appeal after she promised to do so.

[¶ 10] The Supreme Court held the two-pronged analysis articulated in *Strickland v. Washington*, 466 U.S. 668, 694, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984)—requiring a defendant to show counsel's performance was deficient and the deficient performance prejudiced the defendant— "applies to claims . . . that counsel was constitutionally ineffective for failing to file a notice of appeal." *Flores–Ortega*,

---

I do know that I hope that the truth will come out on my appeal and that I will be set free.

. . . .

I have prayed hard and long that you might consider making my sentence one that I can do with a chance for getting out in the future. I hope that you will allow this just in case my appeal fails.

The trial court denied Whiteman's N.D.R.Crim.P. 35(b) motion for reduction of sentence.

528 U.S. at 477, 120 S.Ct. 1029. Under the performance prong of *Strickland,* the Supreme Court noted two extremes where effectiveness of counsel is easily determined when a direct appeal is not taken:

We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable ... This is so because a defendant who instructs counsel to initiate an appeal reasonably relies upon counsel to file the necessary notice. Counsel's failure to do so cannot be considered a strategic decision; filing a notice of appeal is a purely ministerial task, and the failure to file reflects inattention to the defendant's wishes. At the other end of the spectrum, a defendant who explicitly tells his attorney *not* to file an appeal plainly cannot later complain that, by following his instructions, his counsel performed deficiently....

*Id.* (internal citations omitted).

[¶ 11] The Supreme Court said the "question presented in this case lies between those poles: Is counsel deficient for not filing a notice of appeal when the defendant has not clearly conveyed his wishes one way or another?" *Flores–Ortega,* 528 U.S. at 477, 120 S.Ct. 1029. If counsel has consulted with the defendant, "[c]ounsel performs in a professionally unreasonable manner only by failing to follow the defendant's express instructions with respect to an appeal." *Id.* at 478, 120 S.Ct. 1029. If there has been no consultation, deficient performance is measured by determining whether counsel had an obligation to consult with the defendant about an appeal. *Id.* The Supreme Court held that "counsel has a constitutionally imposed duty to consult with the defendant about an appeal when there is reason to think either (1) that a rational defendant would want to appeal (for example, because there are nonfrivolous grounds for appeal), or (2) that this particular defen-

dant reasonably demonstrated to counsel that he was interested in appealing." *Id.* at 480, 120 S.Ct. 1029.

[¶ 12] Under the prejudice prong of the *Strickland* test, the Supreme Court noted no showing of actual prejudice is required when a defendant alleges that during a critical stage of a judicial proceeding he was "denied the assistance of counsel altogether ... because 'the adversary process itself [is] presumptively unreliable.'" *Flores–Ortega,* 528 U.S. at 483, 120 S.Ct. 1029 (quoting *United States v. Cronic,* 466 U.S. 648, 659, 104 S.Ct. 2039, 80 L.Ed.2d 657 (1984)). The Supreme Court explained that defense counsel's "alleged deficient performance [in failing to appeal] arguably led not to a judicial proceeding of disputed reliability, but rather to the forfeiture of a proceeding itself." *Flores–Ortega,* 528 U.S. at 483, 120 S.Ct. 1029. The Supreme Court held the "denial of the entire judicial proceeding itself, which a defendant wanted at the time and to which he had a right, ... demands a presumption of prejudice." *Id.* Nevertheless, the Supreme Court said that although prejudice was presumed, the defendant still had to show that counsel's deficient performance "actually cause[d] the forfeiture of the defendant's appeal." *Id.* at 484, 120 S.Ct. 1029. The Supreme Court held, "to show prejudice in these circumstances, a defendant must demonstrate that there is a reasonable probability that, but for counsel's deficient failure to consult with him about an appeal, he would have timely appealed." *Id.*

[¶ 13] Particularly relevant to Whiteman's allegations in the present case are the Supreme Court's comments about the evidence necessary to make the requisite showing:

[A]lthough showing nonfrivolous grounds for appeal may give weight to the contention that the defendant would have appealed, a defendant's inability to

"specify the points he would raise were his right to appeal reinstated," *Rodriquez [v. United States,* 395 U.S. 327, 330, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)] will not foreclose the possibility that he can satisfy the prejudice requirement where there are other substantial reasons to believe that he would have appealed. See *ibid;* see also *Peguero [v. United States,* 526 U.S. 23, 30, 119 S.Ct. 961, 143 L.Ed.2d 18 (1999)] (O'CONNOR, J., concurring) ("To require defendants to specify the grounds for their appeal and show that they have some merit would impose a heavy burden on defendants who are often proceeding *pro se* in an initial [habeas] motion"). We similarly conclude here that it is unfair to *require* an indigent, perhaps *pro se,* defendant to demonstrate that his hypothetical appeal might have had merit before any advocate has ever reviewed the record in his case in search of potentially meritorious grounds for appeal. Rather, we require the defendant to demonstrate that, but for counsel's deficient conduct, he would have appealed.

*Flores–Ortega,* 528 U.S. at 486, 120 S.Ct. 1029. The Supreme Court remanded for a determination of whether the attorney "had a duty to consult with respondent (either because there were potential grounds for appeal or because respondent expressed interest in appealing), whether she satisfied her obligations, and, if she did not, whether respondent was prejudiced thereby." *Id.* at 487, 120 S.Ct. 1029.

[¶ 14] In denying Whiteman's application for post-conviction relief, the trial court relied in part on *Hopfauf v. State,* 1998 ND 30, 575 N.W.2d 646, and *Sampson v. State,* 506 N.W.2d 722 (N.D.1993). In those cases, this Court ruled no evidentiary hearings were required for defendants' claims that counsel was ineffective for failing to pursue requested appeals because the defendants had made no showing how they were prejudiced by counsels' failures to appeal the convictions. *Hopfauf,* at ¶¶ 9–10; *Sampson,* 506 N.W.2d at 726. The State argues the trial court was correct in relying on these cases because many of the things said in *Flores–Ortega* are dicta. The State argues *Flores–Ortega* is specifically limited to its factual context of a failure to consult, rather than a failure of counsel to follow a defendant's directions about an appeal, and the Supreme Court's discussion about the two extremes which form the boundaries of the failure to consult holding, does not have binding precedential value.

■ [¶ 15] The State has not cited, nor have we discovered, any case law that has construed as dicta the *Flores–Ortega* Court's statements about the failure of counsel to file an appeal after being directed to do so by a defendant. Rather, courts routinely have held *Flores–Ortega* thus establishes that an indigent, perhaps pro se defendant, even if he pled guilty, cannot be required to demonstrate how his appeal would have been successful in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal. *People v. Edwards,* 197 Ill.2d 239, 258 Ill.Dec. 753, 757 N.E.2d 442, 450 (2001). *See also, e.g., Hendricks v. Lock,* 238 F.3d 985, 988 (8th Cir.2001); *Hudson v. Hunt,* 235 F.3d 892, 896 (4th Cir.2000); *Musone v. United States,* 113 F.Supp.2d 255, 259 (D.R.I.2000); *Langston v. State,* 341 Ark. 739, 19 S.W.3d 619, 621 (2000).

[¶ 16] In cases involving allegations that counsel failed to appeal despite a defendant's express instructions to do so, courts have not uniformly analyzed the Supreme Court's statements in *Flores–Ortega* about presumed prejudice and the requirement that a defendant establish prejudice by showing, but for counsel's failure to file an appeal, the defendant would have appealed. However, the results are consistent. Most courts say prej-

udice is presumed per se from counsel's failure to file a notice of appeal when so requested by a defendant. *See, e.g., Solis v. United States,* 252 F.3d 289, 293–94 (3rd Cir.2001); *Hernandez v. Reno,* 238 F.3d 50, 57 (1st Cir.2001); *Hendricks,* 238 F.3d at 989; *State v. McCroy,* 259 Neb. 709, 613 N.W.2d 1, 8 (2000); *State v. Trotter,* 259 Neb. 212, 609 N.W.2d 33, 41 (2000). Other courts do not speak in terms of presumed prejudice, but indicate if a defendant shows counsel knew of the defendant's desire to appeal and failed to file the appeal, the defendant has established, under *Flores–Ortega,* both the performance and prejudice prongs of the *Strickland* test. *See, e.g., Manning v. Foster,* 224 F.3d 1129, 1135–36 (9th Cir.2000); *Dumas v. Kelly,* 162 F.Supp.2d 170, 172 (E.D.N.Y. 2001).

■ [¶ 17] Thus, under either analysis, if a defendant proves that counsel failed to follow his instructions to file an appeal of his criminal conviction, the defendant has established ineffective assistance of counsel entitling the defendant to a new appeal. *Flores–Ortega,* 528 U.S. at 485, 120 S.Ct. 1029. In light of *Flores–Ortega,* to the extent *Hopfauf* and *Sampson* can be construed to require a defendant to demonstrate how his appeal would have been meritorious in order to establish that he was prejudiced by his attorney's failure to pursue a requested appeal, we disapprove them.

## B

[¶ 18] In *Owens v. State,* 2001 ND 15, 621 N.W.2d 566, this Court confronted the *Flores–Ortega* decision in the context of a defendant's claim, after several of his post-conviction relief applications had been previously rejected, that he urged appellate counsel to directly appeal his conviction, but counsel failed to do so. A majority of the Court affirmed the summary denial of

post-conviction relief on the basis of misuse of process. *See Owens,* at ¶ 15 (Sandstrom, J.) (noting "[t]he State has pleaded and proved misuse of process"); *Owens,* at ¶ 33 (VandeWalle, C.J., and Neumann, J., concurring) (noting *Flores–Ortega* does not "trump our jurisprudence on misuse of process"). Misuse of process is not an issue in this case. Whiteman's application for post-conviction relief is the only application he has filed.

■ [¶ 19] In *Solis v. United States,* 252 F.3d 289, 295 (3rd Cir.2001), the court ruled:

> [W]hen a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the District Court to prove that he made the request and that the lawyer failed to honor it. However, a defendant would not be entitled to a hearing if his allegations were contradicted conclusively by the record, or if the allegations were patently frivolous.

*See also United States v. Witherspoon,* 231 F.3d 923, 927 (4th Cir.2000); *McCroy,* 613 N.W.2d at 8. *Compare Abdi,* 2000 ND 64, ¶ 8, 608 N.W.2d 292 (stating if there is a contradiction between the record and an applicant's unsupported assertions, a post-conviction court may accept the record). Although an evidentiary hearing need not be held if there is no evidence in the record to support a defendant's claim, *see United States v. Arvizu,* 270 F.3d 605, 606 (8th Cir.2001); *Sarroca v. United States,* 250 F.3d 785, 788 (2nd Cir.2001), a defendant's allegation in an affidavit is sufficient to require an evidentiary hearing unless the records and files affirmatively show the defendant is entitled to no relief. *E.g., Solis,* 252 F.3d at 294; *Hudson,* 235 F.3d at 894–95; *Witherspoon,* 231 F.3d at 925; *McCroy,* 613 N.W.2d at 8.[2] The timeliness

2. In *Nix v. United States,* 111 F.Supp.2d 186, 190 (E.D.N.Y.2000), the court ruled a defen-

of a defendant's claim of ineffective assistance of counsel based on a failure to appeal may affect the credibility of the defendant's claim, but that credibility determination is for the trier of fact. *E.g.*, *Musone*, 113 F.Supp.2d at 258; *Commonwealth v. Touw*, 781 A.2d 1250, 1255 (Pa.Super.2001).

[¶ 20] Although Whiteman was not required to include with his application for post-conviction relief supporting evidence necessary to meet a possible motion for summary judgment, *Wilson v. State*, 1999 ND 222, ¶ 15, 603 N.W.2d 47, Whiteman attached a verified affidavit to his application claiming he told Dexheimer he wanted to appeal the conviction and Dexheimer promised to appeal. The State argues, and the trial court ruled, because Whiteman did not provide evidentiary support for his allegation *after* the State responded to the application with Dexheimer's affidavit denying Whiteman requested him to appeal the conviction, Whiteman "failed to present sufficient evidence showing a genuine issue of material fact concerning his claim that his trial counsel was ineffective because he allegedly failed to pursue an appeal of conviction and sentence."

[¶ 21] Once the party moving for summary disposition has established there is no genuine issue of fact, the burden shifts to the nonmoving party to show a genuine issue of fact exists. *Bell v. State*, 2001 ND 188, ¶ 6, 636 N.W.2d 438. At that point, the party resisting the motion may not merely rely on the pleadings or unsupported conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means. *Clark v. State*, 1999 ND 78, ¶ 5, 593 N.W.2d 329. Because the State, as the party moving for summary disposition, did not meet its initial burden of establishing there was no genuine issue of fact, the burden did not shift to Whiteman to provide evidence to support his claim. Although the State did not formally "put[] [Whiteman] upon his proof" until it responded to the application with Dexheimer's affidavit and attachments, Whiteman had already provided proof for his claim by attaching his affidavit to his original application. Whiteman's affidavit itself raised a genuine issue of material fact. To suggest Whiteman needed to resubmit his affidavit after the State put him on his proof exalts form over substance. Moreover, the trial court faulted Whiteman for not providing the court with "copies of letters previously written to Dexheimer regarding appeal. . . ." However, Dexheimer attached to his affidavit Whiteman's January 1999 letter requesting information on the progress of the appeal. Whiteman was not required to resubmit the letter after it was already part of the court's record.

dant's affidavit stating he had asked his attorney to file an appeal from a criminal conviction was insufficient to justify an evidentiary hearing on his ineffective assistance of counsel claim:

> Nix's *thoroughly* self-serving assertion is contradicted by a declaration made under penalty of perjury by an officer of the Court that no such request was made. Nix's claim that Hochbaum ignored an express *request to file a notice of appeal is question-*able, especially considering that Hochbaum clearly indicated to the Court at the sentencing hearing that he would file a notice of appeal if instructed to do so. In the absence of any other evidence to suggest that petitioner might actually have suffered a deprivation of his constitutional right to effective representation by trial counsel, Nix's assertion is simply not sufficient to *justify the investment of judicial resources* that a hearing would require.

We believe *Nix* is unpersuasive not only because its reasoning would foreclose the possibility of any defendant prevailing on an ineffective assistance of counsel claim when the attorney denies the allegation, but because it conflicts with our rules for summary disposition under N.D.C.C. § 29–32.1–09(1).

[¶ 22] If the evidence raises a reasonable inference of ineffective representation which creates a genuine fact issue, an evidentiary hearing on a post-conviction claim of ineffective assistance of counsel is required. *DeCoteau v. State,* 1998 ND 199, ¶ 11, 586 N.W.2d 156. The opposing affidavits and other material submitted in this case create a genuine issue of material fact. The State has pointed to nothing in the record that conclusively contradicts Whiteman's allegations. We conclude Whiteman is entitled to an evidentiary hearing on his ineffective assistance of counsel claim.[3]

### C

[¶ 23] If, after the evidentiary hearing, the trial court finds that Dexheimer did not fail to follow Whiteman's instructions regarding a direct appeal, Whiteman's claim of ineffective assistance of counsel should be dismissed. *See Bearse v. United States,* 176 F.Supp.2d 67, 76–77 (D.Mass. 2001); *State v. Curtright,* 262 Neb. 975, 637 N.W.2d 599, 604–05 (Neb.2002). If, however, the trial court finds Dexheimer did not comply with a request by Whiteman to appeal his conviction, Whiteman has been denied effective assistance of counsel and he is entitled to a new direct appeal. *See Flores–Ortega,* 528 U.S. at 485, 120 S.Ct. 1029; *Dumas,* 162 F.Supp.2d at 172–73; *Langston,* 19 S.W.3d at 621–22.

[¶ 24] If a court finds in favor of an applicant, N.D.C.C. § 29–32.1–11(3) authorizes the court to enter any order "that

may be necessary and proper." We agree with the Nebraska Supreme Court's approach to the procedure for a new direct appeal based on a *Flores–Ortega* denial of effective assistance of counsel:

> The jurisdictional time limits for the new direct appeal run from the day postconviction relief is entered in the trial court, such appeal being conditioned on proper perfection. The record would necessarily contain the same record as the original appeal would have contained, with some indication that the defendant was awarded postconviction relief of a new direct appeal.

*Trotter,* 609 N.W.2d at 41.

### III

[¶ 25] The judgment is reversed and the case is remanded for an evidentiary hearing on Whiteman's claim of ineffective assistance of counsel.

[¶ 26] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING and CAROL RONNING KAPSNER, JJ., concur.

SANDSTROM, Justice, concurring specially.

[¶ 27] I write separately to note that this opinion does not mean a defendant is always entitled to an evidentiary hearing—regardless of how tardy the claim—by asserting an instruction to counsel to appeal.

[¶ 28] Flores–Ortega sought to file his own appeal about forty days after the

---

**3.** The State also argues the trial court did not err in denying Whiteman's request for an evidentiary hearing because Whiteman failed "to secure a time for oral argument," rendering his request for oral argument incomplete under N.D.R.Ct. 3.2. *See Huber v. Oliver County,* 529 N.W.2d 179, 183 (N.D.1995). This argument is without merit. Whiteman does not complain about a failure to have been granted oral argument on his applica-

tion for post-conviction relief or his motion for an evidentiary hearing. *See Syvertson v. State,* 2000 ND 185, ¶¶ 9–11, 620 N.W.2d 362. Rather, Whiteman challenges the denial of an opportunity to present evidence at an evidentiary hearing under N.D.C.C. § 29–32.1–09. Whiteman was not required to secure a time for an evidentiary hearing that was never granted.

deadline. *Roe v. Flores–Ortega*, 528 U.S. 470, 474, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000). He had been unable to communicate with his lawyer for thirty of those days. *Id.*

[¶ 29] Rodriquez sought to file his own appeal about thirty-eight days after the deadline. *Rodriquez v. United States*, 395 U.S. 327, 328, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969). "He alleged that he had told his counsel to perfect an appeal, but that counsel had failed to do so." *Id.*

[¶ 30] In *Flores–Ortega* and *Rodriquez*, the defendants promptly sought to appeal when it became clear their lawyers had not appealed.

[¶ 31] If a defendant does not attempt to appeal within a reasonable time or does not assert within a reasonable time that counsel failed to follow a direction to appeal, the defendant's own conduct may concede that counsel's alleged failure to act was not responsible for the lack of a timely appeal.

[¶ 32] Here, Whiteman's September 15, 1998, letter to the trial court—about three and a half months after the appeal deadline—arguably evidenced a belief that an appeal was under way. When this is coupled with the trial court's knowledge that no appeal had been filed, I agree there are sufficient grounds to remand for an evidentiary hearing.

[¶ 33] Dale V. Sandstrom