2003 ND 179

**Abdul KAMARA, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**No. 20030180.**

Supreme Court of North Dakota.

Dec. 2, 2003.

Coral Joan Mahler, Sheyenne, for petitioner and appellant.  Submitted on brief.

Lonnie Olson, State's Attorney, Devils Lake, for respondent and appellee.  Submitted on brief.

VANDE WALLE, Chief Justice.

[¶ 1]  Abdul Kamara appealed from an order denying his motion for post-conviction relief.  We affirm.

I

[¶ 2]  Kamara was tried and convicted for three drug-related crimes.  The judgments were entered and Kamara was sentenced on August 28, 2001.  Thereafter, Kamara filed a motion for post-conviction relief claiming ineffective assistance of his trial counsel.  He requested to be re-sentenced and allowed to file an appeal.  A hearing was held on the matter, and the district court denied Kamara's request.

The only issue Kamara raises on appeal is whether his trial counsel was ineffective because he failed to file an appeal of the criminal judgments.

[¶ 3] There is a factual dispute regarding whether, or to what extent, Kamara's trial counsel discussed appealing with him. Kamara claims the only time the issue was discussed was when the jury announced its verdict, at which time he indicated he wished to appeal. According to Kamara, his trial counsel responded "it is not timely" and told Kamara's wife "he doesn't have a ghost of a chance." Kamara's trial counsel testified at the hearing that he consulted with Kamara regarding an appeal when the jury was deliberating, at which time Kamara indicated he did not wish to appeal. The trial counsel testified he also consulted with Kamara regarding an appeal both before and after the sentencing hearing, and Kamara again indicated he did not wish to appeal. In regard to whether Kamara requested an appeal at the sentencing or at any other time within the time to appeal, the district court found, "[t]he attorney's testimony is more believable than [Kamara's] or his other witness."

## II

[¶ 4] Post-conviction relief proceedings are civil in nature and governed by the North Dakota Rules of Civil Procedure. *McMorrow v. State*, 516 N.W.2d 282, 283 (N.D.1994); *Varnson v. Satran*, 368 N.W.2d 533, 536 (N.D.1985). "This court applies the 'clearly erroneous' standard set forth in Rule 52(a), N.D.R.Civ.P., when reviewing a trial court's findings of fact on an appeal from a final judgment or order under the Uniform Post–Conviction Procedure Act. However, ineffectiveness of counsel is a mixed question of law and fact and we have held such questions are fully reviewable by this court without the restraints of Rule 52(a), N.D.R.Civ.P." *State*

*v. Foster*, 1997 ND 8, ¶ 18, 560 N.W.2d 194 (citing *State v. Skaro*, 474 N.W.2d 711, 716–17 (N.D.1991)).

[¶ 5] The Sixth Amendment of the United States Constitution, made applicable to the states through the Fourteenth Amendment, and Article I, § 12 of the North Dakota Constitution, guarantee a defendant effective assistance of counsel. *DeCoteau v. State*, 1998 ND 199, ¶ 6, 586 N.W.2d 156. The United States Supreme Court has developed a two-part test for allegedly ineffective assistance of counsel, and we use this test to assess claims based on the state constitution. *Woehlhoff v. State*, 487 N.W.2d 16, 17 (N.D.1992). To succeed on a claim for ineffective assistance of counsel, a person must show counsel's performance fell below an objective standard of reasonableness and the deficient performance prejudiced him. *Strickland v. Washington*, 466 U.S. 668, 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Robertson*, 502 N.W.2d 249, 251 (N.D. 1993). This test applies to claims counsel was ineffective for failing to file a notice of appeal. *Roe v. Flores–Ortega*, 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000); *Whiteman v. State*, 2002 ND 77, ¶ 10, 643 N.W.2d 704.

[¶ 6] There are three types of cases regarding counsel's failure to file a notice of appeal. First, "a lawyer who disregards specific instructions ... to file a notice of appeal acts in a manner that is professionally unreasonable." *Whiteman*, 2002 ND 77, ¶ 10, 643 N.W.2d 704 (quoting *Flores–Ortega*, 528 U.S. at 477, 120 S.Ct. 1029). Second, an attorney cannot be found to have performed deficiently by not filing an appeal when a defendant explicitly tells him not to do so. *Id.* The final situation is "when the defendant has not clearly conveyed his wishes one way or another." *Id.* at ¶ 11.

[¶ 7] In *Whiteman*, we reversed and remanded a district court judg-

ment summarily dismissing Whiteman's application for post-conviction relief because Whiteman had presented enough evidence to warrant an evidentiary hearing. *Id.* at ¶ 1. This case is distinguishable from *Whiteman* because an evidentiary hearing was held and the trial court found Kamara did not request an appeal. *See id.* at ¶ 23 ("If, after the evidentiary hearing, the trial court finds that [counsel] did not fail to follow Whiteman's instructions regarding a direct appeal, Whiteman's claim of ineffective assistance of counsel should be dismissed"). "The credibility of witnesses is left to the trial court to determine." *Cue v. State,* 2003 ND 97, ¶ 15, 663 N.W.2d 637. Although our standard of review for a claim of ineffective assistance of counsel is a mixed question of law and fact, the trial court's findings of fact are subject to a clearly erroneous standard of review under N.D.R.Civ.P. 52(a). *See DeCoteau v. State,* 2000 ND 44, ¶¶ 9–10, 608 N.W.2d 240. "A finding of fact is clearly erroneous if it is induced by an erroneous view of the law, if it is not supported by any evidence, or if, although there is some evidence to support the finding, a reviewing court is left with a definite and firm conviction a mistake has been made." *Id.* at ¶ 10. We will not second guess the trial court's determination that trial counsel was more credible than Kamara and his other witness. *See id.* at ¶ 11. There was evidence to support the trial court's order and we are not convinced a mistake has been made.

[¶ 8] We affirm the order denying Kamara's request for post-conviction relief.

[¶ 9] DALE V. SANDSTROM, CAROL RONNING KAPSNER, MARY MUEHLEN MARING and WILLIAM A. NEUMANN, JJ., concur.