**Roy DUMAS, Petitioner–Appellee,**

v.

**Walter KELLY, Superintendent, Attica Correctional Facility, Respondent–Appellant.**

**Docket No. 01–2639.**

United States Court of Appeals, Second Circuit.

Argued: Aug. 3, 2005.

Decided: Aug. 8, 2005.

Brian Sheppard, New Hyde Park, NY, for Petitioner–Appellee.

Donna Aldea, Assistant District Attorney (John M. Castellano and Johnnette Traill, Assistant District Attorneys, of counsel), for Richard A. Brown, District Attorney, Queens County, Queens, NY, for Respondent–Appellant.

Before: CALABRESI and RAGGI, Circuit Judges, and MURTHA, District Judge.[*]

PER CURIAM.

The United States District Court for the Eastern District of New York (*Gleeson,* J.) conditionally granted petitioner-appellee Roy Dumas a writ of habeas corpus under 28 U.S.C. § 2254, ruling that the failure of Dumas's counsel to file a notice of appeal from conviction, despite Dumas's request (and counsel's pledge) to do so, constituted ineffective assistance in violation of the Sixth Amendment right to counsel. *See Dumas v. Kelly,* 162 F.Supp.2d 170 (E.D.N.Y.2001); *see also Roe v. Flores–Ortega,* 528 U.S. 470, 477, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000) ("We have long held that a lawyer who disregards specific instructions from the defendant to file a notice of appeal acts in a manner that is professionally unreasonable.") (citing *Rodriquez v. United States,* 395 U.S. 327, 89 S.Ct. 1715, 23 L.Ed.2d 340 (1969)); *id.* at 484, 120 S.Ct. 1029 ("[W]hen counsel's constitutionally deficient performance deprives a defendant of an appeal that he otherwise would have taken, the defendant has made out a successful ineffective assistance of counsel claim entitling him to an appeal."). On appeal, respondent-appellant Kelly does not challenge the district court's Sixth Amendment ruling.

The issue presented by this case is whether the district court properly denied the government's motion to dismiss—for prejudicial delay, pursuant to Rule 9(a) of

---

[*] The Honorable J. Garvan Murtha, United States District Court for the District of Vermont, sitting by designation.

the Rules Governing Section 2254 Cases in the United States District Courts (hereinafter "Rule 9(a)")—petitioner's habeas application. Most circuits have promulgated a uniform test for analyzing Rule 9(a) motions, and the district court, using that test in the instant case, rejected respondent's motion to dismiss. Specifically, the court required that the respondent "(1) make a particularized showing of prejudice, (2) show that the prejudice was caused by the petitioner having filed a late petition, and (3) show that the petitioner has not acted with reasonable diligence as a matter of law." *Dumas*, 105 F.Supp.2d at 70 (internal citations omitted). We now expressly adopt the test employed by the district court and affirm the judgment below.

## BACKGROUND

In April 1983, the petitioner, Roy Dumas, was convicted of second-degree murder and arson for setting fire to a social club, which led to the death of one patron. Believing, incorrectly, that his trial lawyer, Sidney Guran, had filed an appeal, petitioner waited three and a half years before investigating the status of his case. When he learned that his conviction had never been appealed, petitioner spent three years, from May 1987 to August 1990, unsuccessfully trying to revive his appeal in state court. In conjunction with these state court proceedings, Guran, petitioner's original lawyer, submitted a short affidavit in March 1988, in which he swore that he "recall[ed] discussing the appeal with Roy Dumas" and "how Mr. Dumas

should go about requesting appellate counsel," but denied "represent[ing] to Mr. Dumas that [he] would handle his appeal[.]" Notably, Guran did not address Dumas's central accusation that Guran had in fact promised to file a notice of appeal on Dumas's behalf.

In April 1997, petitioner filed a habeas petition in federal court, alleging—just as he had in state court—that his trial lawyer's failure to appeal his conviction constituted ineffective assistance of counsel. Nine months later, in February 1998, the aforementioned lawyer died. Subsequently, in December 1999, respondent moved to dismiss Dumas's habeas petition, alleging prejudicial delay under Rule 9(a). The district court rejected the government's motion and granted petitioner a conditional writ on the basis of his ineffective assistance of counsel claim.[1] Respondent now appeals that decision.

## DISCUSSION

The text of Rule 9(a) states:

*Delayed petitions.* A petition may be dismissed if it appears that the state of which the respondent is an officer has been prejudiced in its ability to respond to the petition by delay in its filing unless the petitioner shows that it is based on grounds of which he could not have had knowledge by the exercise of reasonable diligence before the circumstances prejudicial to the state occurred.[2]

28 U.S.C. foll. § 2254 (2003). With respect to Rule 9(a) petitions, the Supreme Court

---

1. In granting the writ, the district court ordered Dumas released unless the state afforded him a direct appeal of his conviction within 45 days.

2. Rule 9(a) was deleted during the 2004 revisions to the rules. As the Advisory Committee Note accompanying the revision states, "Rule 9(a) has been deleted as unnecessary in light of the applicable one-year statute of limita-

tions for § 2255 motions, added as part of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2255, para. 6." *See Advisory Committee Notes to 2004 Amendments.* The Supreme Court adopted this revision on April 26, 2004, and it went into effect on December 1, 2004, after the relevant date for the instant case.

has suggested that the legislative history of the Rule supports a stringent requirement of prejudice. *See Lonchar v. Thomas*, 517 U.S. 314, 327, 116 S.Ct. 1293, 134 L.Ed.2d 440 (1996) ("Congress, when considering a draft of the Rule [9(a)] ... directly focused upon the prejudice requirement and *rejected*, by removing from the draft Rule, a provision that would have eased the burden of the prejudice requirement by presuming prejudice after a delay of five years.").[3]

■ Consistent with this reading of Rule 9(a), most circuits have required (1) a particularized showing of prejudice, (2) proof that the prejudice was caused by petitioner's delayed filing, and (3) evidence that petitioner has not acted with reasonable diligence. *See, e.g., Matthews v. Abramajtys*, 319 F.3d 780, 788 (6th Cir. 2003); *Rideau v. Whitley*, 237 F.3d 472, 477 (5th Cir.2000); *Harris v. Pulley*, 885 F.2d 1354, 1366 (9th Cir.1988); *Thomas v. Dugger*, 846 F.2d 669, 671 (11th Cir.1988). *See also Smith v. Duckworth*, 910 F.2d 1492, 1494–95 (7th Cir.1990) ("Rule 9(a) requires the state to make a particularized showing of prejudice before a habeas petition may be dismissed because of delay. If the state succeeds in proving prejudice, the burden shifts to the petitioner to disprove prejudice or to demonstrate that the delay was based on grounds that would not have been known through the petitioner's exercise of due diligence.") (internal citations omitted); *Campas v. Zimmerman*, 876 F.2d 318, 325 (3rd Cir.1989) ("[T]he State in making its particularized showing of prejudice must relate its prejudice to the petitioner's delay and prove that the delay in filing was the very cause of the

State's prejudice."). Several lower courts from our circuit have also applied this three-factor test. *See, e.g., Quinones v. Miller*, 2003 WL 21276429, at *22 (S.D.N.Y. June 3, 2003); *Cotto v. Lord*, 2001 WL 21246, at *6 (S.D.N.Y. Jan.9, 2001); *Pacheco v. Artuz*, 2001 WL 1134864, at *4 (S.D.N.Y. Sept.18, 2001); *Figueroa v. Portuondo*, 96 F.Supp.2d 256, 278 (S.D.N.Y.1999); *Hughes v. Irvin*, 967 F.Supp. 775, 779 (E.D.N.Y.1997). Today, we adopt this same framework as the law of our circuit.

■ Having done so, we turn to the circumstances of the case before us. First, we conclude that the respondent has not made a particularized showing of prejudice. The presence of Guram's 1988 affidavit and the absence of any reason to think that Guram would reveal more— especially given his deteriorated health, limited ability to travel, and the virtual identity of issues in the state and federal proceedings—substantially undermines respondent's claim of prejudice. Hence, the district court's finding to this effect was not clear error. *See King v. Hoke*, 825 F.2d 720, 723 (2d Cir.1987) (finding that petitioner's delay had not posed substantial burden on government because the court could "fairly assess the claimed error based on the transcripts"); *see also Smith*, 910 F.2d at 1495 (finding insufficient prejudice for dismissal under Rule 9(a) where the testimony of witnesses had been recorded at a suppression hearing before they died).

Second, even if additional testimony from petitioner's original lawyer would have been helpful to the government, respondent had sufficient opportunity to ob-

---

3. Circuit courts have drawn similar conclusions from the history of Congress's treatment of Rule 9(a). *See, e.g., Hannon v. Maschner*, 845 F.2d 1553, 1555 (10th Cir.1988) ("Because Congress specifically removed a provision that provided a presumption of prejudice for a delay of more than five years, we 'rejected a diligence requirement per se,' and held that in order to establish adequate grounds for dismissal '[t]he state must make a particularized showing of prejudice in its ability to respond...' " (internal citations omitted)).

tain it. Guran died eleven months after petitioner filed his habeas petition—and eleven *years* after petitioner first called into question the effectiveness of his trial attorney in state appeals. The government's decision to wait, and subsequently to challenge the timeliness of petitioner's application, rather than try immediately to preserve additional testimony from Guran, was certainly its prerogative. As a result, however, any prejudice suffered by respondent cannot be sufficiently attributed to petitioner to meet the statutory requirement.

Because respondent has failed to make a particularized showing of prejudice and cannot, in any event, demonstrate that whatever prejudice it may have suffered was caused by petitioner's delayed filing, we need not discuss whether petitioner acted with reasonable diligence.

Accordingly, the decision of the district order to deny respondent's motion to dismiss is AFFIRMED.