**STATE of North Dakota, Plaintiff and Appellee,**

v.

**William Ridings TINSLEY, aka William Reynolds, Defendant and Appellant.**

Cr. No. 834.

Supreme Court of North Dakota.

Oct. 20, 1982.

Teevens, Johnson & Montgomery, Minot, for defendant and appellant; argued by Bruce Montgomery, Minot.

Michael S. McIntee, State's Atty., Towner, for plaintiff and appellee.

PAULSON, Justice.

William Ridings Tinsley appeals from the memorandum opinion of the District Court of McHenry County dated February 10, 1982, denying his application for post-conviction relief. We dismiss the appeal.

On June 27, 1980, Tinsley pleaded guilty to a charge of theft of property valued in excess of ten thousand dollars, a class B felony. § 12.1–23–05(1), North Dakota Century Code. The criminal complaint lodged against Tinsley alleged that Tinsley had stolen a tractor-trailer from his employer, Woodrow Overlie. Tinsley was sentenced to serve four years at the North Dakota State Penitentiary, with the sentence suspended on the condition that Tinsley pay restitution of $12,850, plus interest, in an amount of not less than $300 per month. Tinsley made one $600 payment and then discontinued the required payments. On January 26, 1981, the district court issued its order to apprehend Tinsley, and on November 23, 1981, Tinsley's probation was revoked and he was transferred to the State Penitentiary to serve two years of his sentence, with the remainder of his sentence suspended.

On January 11, 1982, Tinsley filed an application for post-conviction relief, pursuant to § 29–32–01(1)(b), N.D.C.C., claiming that the district court was without jurisdiction to impose sentence upon him. On February 10, 1982, the district court issued its memorandum opinion denying Tinsley's application for post-conviction relief. On February 26, 1982, the district court issued its order dismissing Tinsley's application for post-conviction relief.

Tinsley has appealed from the district court's memorandum opinion. Although the State has attempted to concede that the memorandum opinion is appealable, jurisdictional defects cannot be waived by the parties, and it is the duty of this court to dismiss the appeal on our own motion if we conclude that the memorandum opinion is not appealable. *Chas. F. Ellis Agency, Inc. v. Berg,* 214 N.W.2d 507, 509 (N.D.1974); *State v. Higgins,* 145 N.W.2d 478, 480–481 (N.D.1966). We have previously held that a memorandum decision is generally not appealable. *State v. Gelvin,* 318 N.W.2d 302, 304 n. 1 (N.D.1982); *Chas. F. Ellis Agency, Inc., supra* 214 N.W.2d at 510; *Nord v. Koppang,* 131 N.W.2d 617, 618 (N.D.1964); *Karabensh v. Grant,* 73 N.W.2d 782, 783 (N.D.1955). However, when the memorandum opinion contains an order which is intended to be a final order, and the order is one from which an appeal may be taken, we will treat the appeal as an appeal from the order. *State v. Gelvin, supra* 318 N.W.2d at 304 n. 1; *Bond v. Busch,* 313 N.W.2d 704, 705 n. 2 (N.D.1981); *Hospital Services, Inc. v. Dumas,* 297 N.W.2d 320, 320–321 n. 1 (N.D. 1980).

In the instant case it is clear that the district court did not intend that its memorandum opinion of February 10, 1982, was to be its final order. On February 26, 1982, the district court issued a separate order dismissing Tinsley's application for post-conviction relief. Under these circumstances, we conclude that the memorandum opinion did not contain an appealable final order and the memorandum opinion was therefore not appealable.[1] We are without

---

jurisdiction to hear this case and Tinsley's appeal must be dismissed.[2]

■ Although we dismiss the appeal, in light of the possibility that a judgment has been or could be entered on remand, we will briefly review the issue raised on the merits by the parties.[3] Tinsley argues on appeal that the district court was without jurisdiction to impose sentence upon him because all of the elements of the crime charged were committed outside the boundaries of North Dakota. Tinsley claims that he took the trailer-tractor with a load of grain to be unloaded in Duluth, Minnesota, in the normal course of his employment. Tinsley further claims that he had no intention at that time of depriving the owner of the truck of his property. Tinsley also contends that he abandoned the truck in Minnesota only after being involved in an accident there, because he was wanted on other charges by authorities in Arizona and feared that he would be apprehended if an accident report were filed.

■ The State argues that Tinsley formed the intent to deprive his employer of the truck while still in North Dakota, thereby conferring on the district court subject matter jurisdiction over the offense. The criminal information filed in this case states that, on or about the 28th of January, 1979, in the County of McHenry and State of North Dakota

"the above-named defendant [William Ridings Tinsley] did commit the crime of Theft of Property NDCC 12.1–23–02 Class B. Felony, committed as follows, to wit: That at the said time and place the said defendant [Tinsley] did knowingly take or exercise unauthorized control over or make an unauthorized transfer of an interest in, the property of another with intent to deprive the owner thereof . . . ."

The State contends that Tinsley, by pleading guilty to the crime as charged, admitted that he formed the illicit intent in North Dakota. Tinsley claims, however, that a guilty plea does not waive jurisdictional defects, and that, therefore, his guilty plea cannot constitute an admission that the crime occurred within the boundaries of North Dakota. It is a well-established rule that subject matter jurisdiction cannot be conferred by agreement, consent, or waiver; and jurisdictional defects are not waived by a plea of guilty. *State v. Grenz,* 243 N.W.2d 375, 379 (N.D.1976); *State v. Higgins,* 145 N.W.2d 478, 480 (N.D.1966).

■■ It is equally well established, however, that a guilty plea constitutes an admission of all of the facts alleged in the information and an admission of all of the

---

ley's application for post-conviction relief, and these statutes therefore have no application.

**2.** Section 29–32–07, N.D.C.C., provides, in pertinent part, that when an application for post-conviction relief under Chapter 29–32, N.D.C.C., is heard

"All rules and statutes applicable in civil proceedings including pre-trial and discovery procedures are available to the parties. . . . The court shall make specific findings of fact, and state expressly its conclusions of law, relating to each issue presented. This order is a final judgment."

We note that no specific findings of fact and expressly stated conclusions of law were prepared in the instant case. We also note that, in addition to the express language of § 29–32–07, N.D.C.C., providing that all rules and statutes applicable in civil proceedings are available to the parties in a post-conviction relief proceeding, Rule 54(b) of the North Dakota Rules of Criminal Procedure provides that these Rules do not apply to habeas corpus proceedings. Rule 54(b), N.D.R.Crim.P. See

also, *McGuire v. Warden of State Farm, Etc.,* 229 N.W.2d 211, 215 (N.D.1975), in which we stated that the Uniform Post-Conviction Procedure Act was intended to replace the habeas corpus statutes in criminal matters. Therefore, Rule 37(b), N.D.R.Crim.P., has no application in the instant case and cannot, as Tinsley contends, cure the jurisdictional defect of the appeal. *The memorandum opinion in the instant case did not contain an appealable final order and therefore Tinsley could not properly appeal from the memorandum opinion. See State v. Gelvin, 318 N.W.2d 302, 303–304 n. 1 and the cases cited therein (N.D.1982).*

**3.** *Our review of the merits should not be considered a precedent in the future. See In Interest of R.A.S., 321 N.W.2d 468, 470 n. 1 (N.D. 1982); Piccagli v. North Dakota State Health Department, 319 N.W.2d 484, 487 (N.D.1982); Burich v. Burich, 314 N.W.2d 82, 83 (N.D. 1981); State v. Gasser, 306 N.W.2d 205, 208 (N.D.1981).*

essential elements of the crime charged. *Brady v. United States,* 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (1970); *McCarthy v. United States,* 394 U.S. 459, 466, 89 S.Ct. 1166, 1171, 22 L.Ed.2d 418, 425 (1969); *La Magna v. United States,* 646 F.2d 775, 778 (3d Cir.), *cert. denied,* 454 U.S. 898, 102 S.Ct. 399, 70 L.Ed.2d 214 (1981); *Kerrigan v. United States,* 644 F.2d 47, 49 (1st Cir. 1981); *Larios-Mendez v. Immigration and Naturalization Service,* 597 F.2d 144, 146 (9th Cir. 1979); *Hernandez-Uribe v. United States,* 515 F.2d 20, 21 (8th Cir. 1975), *cert. denied,* 423 U.S. 1057, 96 S.Ct. 791, 46 L.Ed.2d 647 (1976). Various Federal courts have held that the admissions inherent in a guilty plea include admission of jurisdictional facts. *United States v. Smith,* 407 F.2d 33, 35 (2d Cir. 1969); *La Fever v. United States,* 279 F.2d 833, 834 (7th Cir.), *cert. denied,* 364 U.S. 904, 81 S.Ct. 238, 5 L.Ed.2d 196 (1960); *United States v. Hoyland,* 264 F.2d 346, 352–353 (7th Cir.), *cert. denied,* 361 U.S. 845, 80 S.Ct. 98, 4 L.Ed.2d 83 (1959); *United States v. Caufield,* 207 F.2d 278, 280 (7th Cir. 1953).

For example, in *United States v. Hoyland, supra,* the defendant requested that his conviction of robbery based upon his plea of guilty be set aside, claiming that it had not been established that the bank which was robbed was a member of the Federal Reserve System or insured by the Federal Deposit Insurance Corporation. The court rejected the defendant's contentions:

"The view which we take is not only supported by the cases but by logic and common sense. An opposing view would leave every criminal judgment entered in the Federal courts open to collateral attack. This is so because all such judgments are based upon a charge containing allegations here characterized by defendant as jurisdictional fact. Absent such allegations, no Federal offense could be stated. *Where a defendant pleads not guilty, he places upon the government the burden of proving all essential facts alleged, whether they be characterized as jurisdictional or otherwise. On the other hand, his voluntary plea of guilty admits*

*all essential allegations, thus relieving the government of the burden of making proof.* Defendant's contention, if tenable, would have required Judge Sullivan, upon defendant's plea of guilty, to have conducted an independent inquiry or hearing to determine so-called jurisdictional facts, that is, whether the South Chicago Savings Bank was a member of the Federal Reserve System and whether it was insured by the Federal Deposit Insurance Corporation. The admissions inherent in defendant's plea of guilty would not have obviated the necessity for such procedure.

"Defendant's argument, based on his appraisal of jurisdictional allegations, confuses facts essential to be alleged as elements of the crime with jurisdictional requirements arising as a matter of law. A court which has jurisdiction of the subject matter and of the defendant, as did the court in the instant case, has the power, upon a defendant's plea of guilty, to enter a judgment unassailable from collateral attack." *United States v. Hoyland, supra* 264 F.2d at 352–353 [emphasis added].

In *United States v. Caufield, supra,* the defendant requested that his conviction for transporting a falsely made security in interstate commerce be vacated, claiming that the falsely made security had not in fact moved in interstate commerce. The court held that by pleading guilty he had admitted all of the facts alleged in the information, including the fact that the falsely made security described in the information had moved in interstate commerce. *United States v. Caufield, supra* 207 F.2d at 280.

In *Marteney v. State,* 210 Neb. 172, 313 N.W.2d 449, 453 (1981) [quoting from *Clark v. State,* 150 Neb. 494, 497, 34 N.W.2d 877, 879 (1948)] the Supreme Court of Nebraska, concerning the necessity of proving facts to support a guilty plea; stated that:

"A plea of guilty to a criminal complaint admits that the offense was committed, *the time and place of its commission,* and the identity of the person committing it,

as charged; it is an admission of record of the truth of the charges made; *it renders unnecessary the proof of the facts alleged;* and it supports a finding of guilt made thereon." [Emphasis added.]

Based upon the foregoing authorities, we conclude that Tinsley's plea of guilty to the crime as charged constituted an admission of the facts alleged in the criminal complaint, including the place of commission of the offense. The district court, therefore, had jurisdiction to accept Tinsley's plea of guilty and to sentence him.

Based upon the reasons discussed previously in this opinion, the appeal is dismissed.

ERICKSTAD, C.J., and PEDERSON, VANDE WALLE and SAND, JJ., concur.