2003 ND 47

**Michael Paul WEAVER, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

No.  20020312.

Supreme Court of North Dakota.

March 26, 2003.

Michael Paul Weaver, pro se, petitioner and appellant.

Wade L. Webb, Assistant State's Attorney, Fargo, ND, for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Michael Paul Weaver appeals the trial court's summary disposition of his application for post-conviction relief. We affirm.

[¶ 2] On July 27, 2000, Weaver was charged with contact by bodily fluids, a class C felony, for urinating on a law enforcement officer. The trial court appointed James Lester to defend Weaver. On January 10, 2001, a jury convicted Weaver of contact by bodily fluids. In *State v. Weaver*, 2002 ND 4, 638 N.W.2d 30, Weaver appealed the jury's verdict and this Court affirmed. Weaver filed a post-conviction application based on several grounds. On February 24, 2002, in its response and motion for summary disposition, the State argued Weaver's allegations were unsupported by evidence and conclusory. Weaver replied to the State's motion on March 11, 2002. On August 13, 2002, the trial court summarily dismissed

Weaver's petition because Weaver's allegations were conclusory and because he failed to submit evidence supporting his allegations. Weaver appeals.

[¶ 3] Weaver argues his court-appointed attorney failed to provide him with reasonably effective assistance of counsel by failing to call witnesses and by refusing to actively investigate his case. We do not reach these issues, and we decline to discuss them today. The dispositive issue is whether a State's motion for summary disposition in response to a petitioner's application for post-conviction relief is sufficient to put the petitioner on his proof when the State's motion points out the absence of supporting evidence in the petitioner's application.

[¶ 4] While our case law requires a petitioner to establish a basis for post-conviction relief, a petitioner need not provide evidence or proof with an application. N.D.C.C. § 29–32.1–04. A petitioner meeting the required conditions and applying for post-conviction relief must "set forth a concise statement of each ground for relief, and specify the relief requested. Argument, citations, and discussion of authorities are unnecessary." N.D.C.C. § 29–32.1–04(1). "Affidavits or other material supporting the application may be attached, but are unnecessary." N.D.C.C. § 29–32.1–04(2). The State may respond by answer or motion to the petitioner's application, if at all, within thirty days. N.D.C.C. § 29–32.1–06(1). The State may move to dismiss the application if "it is evident from the application that the applicant is not entitled to postconviction relief and no purpose would be served by any further proceedings." N.D.C.C. § 29–32.1–06(2). The trial court "shall take account of substance regardless of defects of form." *Id.*

[¶ 5] The procedure followed for a motion for the summary disposition of a petition for post-conviction relief is similar to that followed for a motion for summary judgment. *Bell v. State,* 1998 ND 35, ¶ 10, 575 N.W.2d 211. Because the proceedings are civil in nature, "all rules and statutes applicable in civil proceedings . . . are available to the parties." *Id.* We review a summary denial of post-conviction relief as we would review an appeal from summary judgment. *Owens v. State,* 1998 ND 106, ¶ 13, 578 N.W.2d 542. A trial court may summarily dismiss a petition for post-conviction relief if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Id.* The initial burden is on the movant, in this case the State, to show there is no genuine issue of material fact. *Mertz v. State,* 535 N.W.2d 834, 836 (N.D.1995). If the moving party initially shows there is no genuine issue of material fact, the burden shifts to the non-movant to demonstrate there is a genuine issue of material fact. *Owens,* at ¶ 13. The movant for summary disposition of a petition for post-conviction relief bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. N.D.C.C. § 29–32.1–09(1); *see also First State Bank of Casselton v. McConnell,* 410 N.W.2d 139, 140–41 (N.D. 1987) (stating a movant for summary judgment has the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts and that he is entitled to judgment as a matter of law).

[¶ 6] The movant's burden of showing there is no genuine issue of material fact may be discharged in some cases by pointing out to the trial court there is an " 'absence of evidence to support the nonmoving party's case.' " *Steinbach v. State,* 2003 ND 46, — N.W.2d — (2003)

(quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). Once the movant shows the trial court there is no evidence in the record to support the petitioner's claims (and therefore nothing the State can point to in support of its assertion there is no such evidence), the movant has put the petitioner on his proof and a minimal burden has shifted to the petitioner to provide some competent evidence to support his claim. *Id.* The State is permitted to shift the burden to the petitioner in this manner in those cases in which the State, as movant, would otherwise be required to prove the complete absence of any evidence supporting the petitioner's claims and allegations in order to meet its initial burden of showing there are no contested issues of fact. *Id.* at ¶ 22 (Neumann, J., concurring). In other cases, the movant's initial burden must still be met before the burden can be shifted to the petitioner to produce evidence prior to the hearing to support his claim. *Id.* A party opposing a motion for the summary disposition of an application is entitled to all reasonable inferences at the initial stages of a post-conviction proceeding, and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Owens,* at ¶ 13.

[¶ 7] In the present case, in its response and motion for summary disposition, the State met its burden in showing there was no genuine issue of material fact. The State pointed out to the trial court there was simply an absence of evidence to support Weaver's allegation he received ineffective assistance of counsel when his counsel failed to call witnesses he claimed were available to testify in his defense. Once the State did so, the burden shifted to Weaver to provide some competent evidence to support his allegation. The record shows Weaver failed to provide any evidence to the trial court to support his allegation of ineffective assistance of counsel in his response to the State's motion for summary disposition of his application for post-conviction relief. Weaver filed an answer, but did not file an affidavit or other evidence in support of his claim. We conclude the State's response and motion for summary disposition was sufficient to put Weaver on his proof, and Weaver then failed to provide proof of his allegations.

[¶ 8] The trial court's summary disposition of Michael Weaver's petition for post-conviction relief is therefore affirmed.

[¶ 9] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, and CAROL RONNING KAPSNER, JJ., concur.

I concur in the result.

DALE V. SANDSTROM, J.