2004 ND 6

**Matthew EAGLEMAN, Petitioner and Appellant**

**v.**

**STATE of North Dakota, Respondent and Appellee.**

**No. 20030149.**

Supreme Court of North Dakota.

Jan. 14, 2004.

Robert Charles Fleming, Cavalier, N.D., for petitioner and appellant.

Lonnie Olson, State's Attorney, Devils Lake, N.D., for respondent and appellee.

NEUMANN, Justice.

[¶ 1] Matthew Eagleman appealed from an order summarily dismissing his application for post-conviction relief. We conclude Eagleman has raised a genuine issue of material fact whether he received ineffective assistance of counsel because his trial lawyer did not investigate or raise an issue of subject matter jurisdiction, entitling Eagleman to an evidentiary hearing on his post-conviction application. We, therefore, reverse and remand for further proceedings.

I

[¶ 2] On September 19, 2002, Eagleman pleaded guilty to the felony of gross sexual imposition and to the misdemeanor of harboring a runaway minor. On the felony, Eagleman was sentenced to five years incarceration, with credit for time served, and the balance of the sentence was suspended for a period of four years during which time he was on supervised probation. On the misdemeanor, Eagleman was sentenced to one year incarceration, all of which was suspended for a period of two years. Eagleman's probation was subsequently revoked.

[¶ 3] On April 17, 2003, Eagleman filed an application for post-conviction relief, asserting that his trial lawyer provided ineffective assistance. Eagleman claims the crimes to which he pleaded guilty were committed in Canada and, therefore, the North Dakota trial court was without subject matter jurisdiction. He asserts his trial lawyer failed to investigate or raise

this jurisdictional issue before the trial court and, Eagleman was, therefore, denied his constitutional right to effective assistance of counsel. The trial court concluded Eagleman's claim is without merit and summarily dismissed the application for post-conviction relief without a hearing.

II

[¶ 4] The explicit purpose of the Uniform Post–Conviction Procedure Act is to provide a method to develop a complete record to challenge a criminal conviction. *Wilson v. State,* 1999 ND 222, ¶ 13, 603 N.W.2d 47. The Act allows summary disposition of an application for post-conviction relief only when there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. *Id.;* N.D.C.C. § 29–32.1–09(1).

[¶ 5] The procedure on a motion for the summary disposition of a petition for post-conviction relief is similar to that followed on a motion for summary judgment. *Weaver v. State,* 2003 ND 47, ¶ 5, 658 N.W.2d 352. The movant for summary disposition bears the burden of showing there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. *Id.* If the moving party initially shows there is no genuine issue of material fact, the burden shifts to the non-movant to demonstrate there is a genuine issue of material fact. *Id.* We review a summary denial of post-conviction relief as we would review an appeal from summary judgment. *Id.* The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to a hearing if a reasonable inference raises a genuine issue of material fact. *Whiteman v. State,* 2002 ND 77, ¶ 7, 643 N.W.2d 704.

[¶ 6] Ineffective assistance of counsel is one ground for relief from a criminal conviction under the Act. N.D.C.C. § 29–32.1–01(1)(a); *Woehlhoff v. State,* 487 N.W.2d 16, 17 (N.D.1992). Ordinarily, a claim of ineffective assistance of counsel should be resolved in a post-conviction relief proceeding so the parties can fully develop a record on the issue of counsel's performance and its impact on the defendant's case. *State v. Palmer,* 2002 ND 5, ¶ 12, 638 N.W.2d 18. A defendant claiming ineffective assistance of counsel must establish two elements: (1) counsel's performance was deficient, and (2) counsel's deficient performance prejudiced the defendant. *Id.* at ¶ 11. To demonstrate prejudice, the defendant must establish a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different, and the defendant must specify how and where trial counsel was incompetent and the probable different result. *Id.*

[¶ 7] Eagleman asserts his trial lawyer provided ineffective assistance of counsel because he did not investigate or raise the issue of subject matter jurisdiction. Eagleman claims the criminal acts for which he was charged and to which he pleaded guilty occurred in Canada, not in Ramsey County, and, consequently, the trial court did not have subject matter jurisdiction. Eagleman supported his assertions with an affidavit by the victim stating that she and Eagleman only had sex one time and it occurred in Canada. The State, as the movant for summary disposition, had the burden of demonstrating there is no genuine issue of material fact. It did not file any affidavits relevant to this issue and has provided only an unsigned transcript of a taped interview with the victim.

[¶ 8] A voluntarily entered plea of guilty constitutes a waiver of only non-jurisdictional defects. *State v. Willey,* 381 N.W.2d 183, 186 (N.D.1986). However, a plea of guilty to the crime as charged constitutes an admission of the facts alleged in the criminal complaint. *State v. Cook,* 344 N.W.2d 487, 488 (N.D.1984). An unconditional guilty plea constitutes an admission of all the essential elements of the crime charged, including admission of jurisdictional facts. *State v. Tinsley,* 325 N.W.2d 177, 179–80 (N.D.1982). In *Tinsley,* the defendant pleaded guilty to a charge of theft of property. He later filed an application for post-conviction relief, and on appeal from its denial asserted the trial court was without jurisdiction to impose sentence upon him because all the elements of the crime charged were committed outside the state boundaries. This Court held that the defendant's plea of guilty to the crime as charged constituted an admission of the facts alleged in the complaint, including the place of commission of the offense, and that the trial court had jurisdiction to accept the plea of guilty and to render sentence. *Tinsley,* 325 N.W.2d at 181.

[¶ 9] Similar to the facts in *Tinsley,* Eagleman argues the conduct constituting the crimes to which he pleaded guilty was committed in Canada and, therefore, the trial court was without subject matter jurisdiction. Following the law as stated in *Tinsley,* Eagleman's guilty plea constituted an admission of the essential elements of the crime, including the place where the crime was committed. However, Eagleman also asserts that the jurisdictional issue was not properly investigated or raised by his defense attorney and, therefore, he was denied effective assistance of counsel. He asserts that, if his trial counsel had raised the issue, the case would have been dismissed by the court for lack of jurisdiction.

[¶ 10] Eagleman's argument in support of his post-conviction application more similarly parallels the facts in *State v. Tennyson,* 73 N.D. 262, 14 N.W.2d 168 (1944), wherein the defendant pleaded guilty to the "crime of stealing property without and bringing into the state." The defendant, in *Tennyson,* after judgment of conviction was entered, moved to vacate and set aside the judgment on the ground that he had not had the benefit of counsel. This Court concluded that, under the statutory crime charged, there was no jurisdiction to try the charge for a larceny committed in another state or country unless the stolen property was brought into or through the county in which the prosecution was being maintained. The State argued that the defendant, by his guilty plea, waived the right to object to the trial in Mercer County on jurisdictional grounds, but this Court disagreed, concluding that where the defendant did not have the benefit of assistance of counsel the guilty plea should not have been accepted in view of the jurisdictional issue.

[¶ 11] Although Eagleman, unlike Tennyson, was represented by trial counsel, Eagleman claims the representation was ineffective because his counsel did not appropriately investigate or raise the subject matter jurisdiction issue. An applicant for post-conviction relief need not provide evidence or proof with the application but must set forth a concise statement for each ground of relief and specify the relief requested. *Weaver,* 2003 ND 47, ¶ 4, 658 N.W.2d 352. The initial burden is on the movant for summary disposition, in this case the State, to show there is no dispute as to either the material facts or the inferences to be drawn from undisputed facts, and that the movant is entitled to judgment as a matter of law. We conclude the State has failed to meet its burden.

Eagleman has raised a facially valid claim of ineffective assistance of counsel, supported by affidavit, sufficient to raise a genuine issue of material fact. While the State asserts Eagleman's claim is without merit, it has failed to substantiate its position by affidavits or other appropriate means.

[¶ 12] When the evidence raises a reasonable inference of ineffective representation which creates a genuine fact issue, an evidentiary hearing on the post-conviction claim of ineffective assistance of counsel is required. *Whiteman,* 2002 ND 77, ¶ 22, 643 N.W.2d 704. We conclude Eagleman is entitled to an evidentiary hearing on his ineffective assistance of counsel claim. We, therefore, reverse the trial court's summary dismissal of the application and remand for further proceedings.

[¶ 13] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, CAROL RONNING KAPSNER, and DALE V. SANDSTROM, JJ, concur.