2008 ND 109

**LeRoy K. WHEELER, Petitioner and Appellant,**

v.

**STATE of North Dakota, Respondent and Appellee.**

**Nos. 20070163, 20070165.**

Supreme Court of North Dakota.

June 5, 2008.

LeRoy K. Wheeler, Bismarck, N.D., pro se.

Mark Jason McCarthy, Assistant State's Attorney, Grand Forks, N.D., for respondent and appellee.

KAPSNER, Justice.

[¶ 1] LeRoy Wheeler appeals from a district court judgment dismissing his application for post-conviction relief and subsequent order denying his petition for rehearing. On appeal, Wheeler argues the district court erred in denying him an evidentiary hearing because he raised a genuine issue of material fact about jury partiality by asserting a juror made an allegedly false statement during voir dire. Wheeler also asserts that the district court erred in refusing to issue subpoenas for him to obtain material to support his assertion of alleged juror misconduct. We affirm, concluding that Wheeler failed to provide competent evidence to support his claim in response to the State's motion to dismiss and that the district court did not abuse its discretion by failing to grant Wheeler's requested discovery.

I

[¶ 2] In 2004, Wheeler was charged with encouraging the deprivation of a minor, two counts of contributing to the delinquency of a minor, and gross sexual imposition. In May 2005, a trial was held in the district court, and Wheeler was convicted on the charges. On direct appeal, this Court summarily affirmed Wheeler's convictions. *State v. Wheeler*, 2006 ND 95, 719 N.W.2d 384.

[¶ 3] In March 2007, Wheeler filed a verified application for post-conviction relief, asserting grounds of alleged juror misconduct. Wheeler claimed one of the jurors from his trial perjured herself during voir dire by claiming she had no knowledge of Wheeler or the facts of the case. Wheeler asked the district court to grant him an evidentiary hearing on the issue of juror misconduct and to reverse his convictions and order a new trial after the hearing. In response to Wheeler's application, the State filed a motion to dismiss, arguing

there was no evidence supporting Wheeler's allegations and his application was res judicata or misuse of process because he failed to pursue his claim during the trial proceedings.

[¶ 4] The district court denied Wheeler's request for an evidentiary hearing and dismissed his application for post-conviction relief. The court reasoned Wheeler had already had the opportunity to raise the issue that his right to an impartial jury was violated during his prior direct appeal to this Court and, further, Wheeler's claim was simply a "variation of a theme" previously asserted in his direct appeal. The district court also concluded Wheeler's application must be denied because it was a misuse of process and his claim of juror misconduct lacked factual support. The court held Wheeler had adequate opportunity during voir dire to question the juror, had passed for cause prior to exercising his peremptory challenges, and was thus barred from asserting that the particular juror was biased against him. The court concluded that Wheeler's request for an evidentiary hearing would result in nothing more than a "fishing expedition." The court denied Wheeler's request for rehearing.

II

[¶ 5] Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure. *Laib v. State*, 2005 ND 187, ¶ 11, 705 N.W.2d 845. A petitioner for post-conviction relief has the burden of establishing grounds for relief. *Steen v. State*, 2007 ND 123, ¶ 12, 736 N.W.2d 457. In *Sambursky v. State*, 2006 ND 223, ¶ 7, 723 N.W.2d 524, we explained:

A district court may summarily dismiss an application for post-conviction relief if there is no genuine issue of material fact and the moving party is

entitled to judgment as a matter of law. N.D.C.C. § 29–32.1–09(1); *Johnson v. State*, 2006 ND 122, ¶ 19, 714 N.W.2d 832; *Heyen v. State*, 2001 ND 126, ¶ 6, 630 N.W.2d 56. We review an appeal from summary denial of post-conviction relief as we would review an appeal from a summary judgment. *Johnson*, at ¶ 19; *Heyen*, at ¶ 6. The party opposing the motion for summary dismissal is entitled to all reasonable inferences to be drawn from the evidence and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact. *Heyen*, at ¶ 6. For summary judgment purposes, the evidentiary assertions of the party opposing the motion are assumed to be true. *Dinger v. Strata Corp.*, 2000 ND 41, ¶ 14, 607 N.W.2d 886.

Thus, the party moving for summary dismissal has the initial burden of showing there is no genuine issue of material fact. *See Weaver v. State*, 2003 ND 47, ¶ 5, 658 N.W.2d 352; *Mertz v. State*, 535 N.W.2d 834, 836 (N.D.1995). If the party moving for summary dismissal shows the absence of a genuine material fact issue, the burden then shifts to the responding party to demonstrate the existence of a genuine issue of material fact. *Weaver*, at ¶ 5; *Owens v. State*, 1998 ND 106, ¶ 13, 578 N.W.2d 542. "The party opposing the motion may not merely rely upon the pleadings or upon unsupported, conclusory allegations, but must present competent admissible evidence by affidavit or other comparable means which raises an issue of material fact." *Owens*, at ¶ 13.

▬▬▬ [¶ 6] The burden of the party moving for summary dismissal, however, may be discharged in some cases by pointing out to the district court that there is an absence of evidence to support the non-moving party's case. *Weaver*, at ¶ 6 (internal quotation and citation omitted).

Once the movant shows the trial court there is no evidence in the record to support the petitioner's claims (and therefore nothing the State can point to in support of its assertion there is no such evidence), the movant has put the petitioner on his proof and a minimal burden has shifted to the petitioner to provide some competent evidence to support his claim. The State is permitted to shift the burden to the petitioner in this manner in those cases in which the State, as movant, would otherwise be required to prove the complete absence of any evidence supporting the petitioner's claims and allegations in order to meet its initial burden of showing there are no contested issues of fact. In other cases, the movant's initial burden must still be met before the burden can be shifted to the petitioner to produce evidence prior to the hearing to support his claim.

*Weaver*, at ¶ 6 (citations omitted). If reasonable inferences raise a genuine issue of material fact, the nonmoving party is entitled to an evidentiary hearing. *Owens*, 1998 ND 106, ¶ 13, 578 N.W.2d 542.

[¶ 7] In his verified application for post-conviction relief, Wheeler cites juror misconduct as the basis for his application, asserting a juror deliberately perjured herself "by hiding her knowledge of Wheeler during Voir Dire examination." Wheeler's application also stated: "[The juror] claimed she had no knowledge of Wheeler or the facts of this case, but in fact evicted the McLeod family from the apartment they were living in that was managed by her ... on the ground that they had a registered sex offender living there, namely LeRoy K. Wheeler.... They were evicted after Wheeler[']s arrest and Wheeler had no contact with the McLeod family since the arrest except for James McLeod, a defense witness. Wheeler never spoke to James after the arrest until trial.... It was still not re-

vealed to Wheeler that the McLeod family was evicted until Wheeler seen [sic] James in the Department of Corrections in August of 2005, during the direct appeal process of his criminal convictions."

[¶ 8] The parties do not dispute that the juror in question completed a detailed juror questionnaire, in which the juror admitted that she might know James McLeod, one of Wheeler's witnesses at trial, because McLeod "[m]ay have been son to the couple who lived @ [sic] one of my properties." According to the juror questionnaire, the juror's occupation was listed as a property manager. The juror also indicated that she had not read or heard anything about Wheeler or his case. During trial, Wheeler, proceeding pro se, questioned the juror, and the juror again indicated that she recognized the name of witness McLeod because she had a family with the same name on one of her properties, but the juror did not believe he was one of the residents on the property. The juror also stated she did not know McLeod and would have no difficulty being fair and impartial.

[¶ 9] In Wheeler's reply to the State's motion to dismiss, Wheeler alleges that the McLeod family was actually evicted from their apartment by the juror and, further, that the juror "told the McLeod family that they had to move because they had a registered sex offender living there, and the only one living there that was registered was Wheeler, and for this reason Wheeler is entitled to an evidentiary hearing to develope [sic] his case." These allegations in Wheeler's reply, however, were not supported by affidavits or testimony which could constitute competent evidence to support his claim. Although Wheeler asserts that he received this information from James McLeod during a chance meeting at the state penitentiary, Wheeler offered no affidavit from McLeod to support the assertions.

[¶ 10] Wheeler acknowledges the "underdevelopment" of his claim in his reply brief and on appeal, but attributes this to the juror because of her silence and alleged false testimony. In this case, based upon Wheeler's post-conviction relief application, because the State, in moving for dismissal, would be required to prove the complete absence of any evidence supporting Wheeler's claim that the juror actually knew him, a minimal burden shifted to Wheeler to provide some competent evidence to support his claim. *See Weaver*, 2003 ND 47, ¶ 6, 658 N.W.2d 352. Wheeler argues that the district court should have permitted him to pursue discovery and issue subpoenas to obtain the required competent evidence. Wheeler also asserts that he is limited in obtaining even a basic affidavit because he is incarcerated and has chosen to proceed pro se in his application for post-conviction relief.

[¶ 11] We acknowledge that Wheeler faces limitations in his ability to collect evidence because he is incarcerated. However, we note that he has chosen to proceed pro se, even though appointed counsel could have assisted in gathering competent evidence that could have supported his allegations. Nonetheless, the fact remains that Wheeler has presented no competent evidence to meet even a minimal burden of demonstrating a material fact issue.

[¶ 12] Although the district court dismissed Wheeler's application without an evidentiary hearing upon grounds including misuse of process, we conclude Wheeler's failure to present any competent evidence in response to the State's motion to dismiss was the appropriate grounds for dismissal of his application for post-conviction relief. We will not reverse the district court's correct result merely because the court's reasoning is incorrect if the result is the same under the correct law and reasoning. *Hanson v. Boeder*, 2007 ND

20, ¶ 21, 727 N.W.2d 280; *State ex rel. North Dakota Hous. Fin. Agency v. Center Mut. Ins. Co.*, 2006 ND 175, ¶ 12, 720 N.W.2d 425.

[¶ 13] We conclude the district court did not err in denying Wheeler an evidentiary hearing and dismissing his application for post-conviction relief because Wheeler failed to present any competent evidence to support his claim in response to the State's motion to dismiss.

### III

[¶ 14] Wheeler argues the district court erred in failing to issue subpoenas for him to support his claim of juror misconduct.

[¶ 15] Under N.D.C.C. § 29–32.1–08, "[t]he court, for good cause, may grant leave to either party to use the discovery procedures available in criminal or civil proceedings. Discovery procedures may be used only to the extent and in the manner the court has ordered or to which the parties have agreed." We have also said the district court has broad discretion in defining the scope of discovery, and we will not reverse a court's discovery decision absent an abuse of discretion. *Bertsch v. Bertsch*, 2007 ND 168, ¶ 10, 740 N.W.2d 388. Generally, the enforcement of subpoenas is a matter committed to the court's sound discretion. *Nesvig v. Nesvig*, 2006 ND 66, ¶ 12, 712 N.W.2d 299. *See also Moore v. State*, 2006 ND 8, ¶ 5, 711 N.W.2d 606 (affirming by summary disposition and concluding district court did not abuse discretion in quashing subpoena of television reporter); *State v. Jensen*, 333 N.W.2d 686, 692 (N.D.1983) (holding district court did not abuse discretion in refusing to compel discovery and denying applications for subpoenas duces tecum where court determined the sought materials were irrelevant). "The district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination." *Nesvig*, at ¶ 12.

[¶ 16] The district court denied Wheeler's evidentiary hearing and did not issue subpoenas that Wheeler requested. The district court determined that Wheeler's request for an evidentiary hearing would result in nothing more than a "fishing expedition." *Cf. Smith v. State*, 389 N.W.2d 808, 811–12 (N.D.1986) (holding court did not abuse its discretion in granting protective order precluding pretrial depositions, in part, because depositions would have constituted "fishing expeditions"). Because Wheeler failed to provide any competent evidence to show even minimal support for his assertion of juror misconduct, the district court properly concluded that his claim lacked factual support. Although Wheeler now argues that he must be allowed discovery under the post-conviction relief statutes, he must initially demonstrate "good cause" for the district court to grant leave to use discovery procedures, rather than merely relying upon his own bare assertions relating to matters about which he was not competent to testify. *See* N.D.C.C. § 29–32.1–08.

[¶ 17] On this record, we therefore conclude the court did not abuse its discretion by not granting leave to issue subpoenas requested by Wheeler.

### IV

[¶ 18] The district court judgment and order are affirmed.

[¶ 19] GERALD W. VANDE WALLE, C.J., MARY MUEHLEN MARING, DANIEL J. CROTHERS, and DALE V. SANDSTROM, JJ., concur.