Filed 2/26/13 by Clerk of Supreme Court

IN THE SUPREME COURT

STATE OF NORTH DAKOTA

2013 ND 34

Bradley A. Davis, Petitioner and Appellant

v.

State of North Dakota, Respondent and Appellee

No. 20120272

Appeal from the District Court of Ward County, Northwest Judicial District, the Honorable Douglas L. Mattson, Judge.

AFFIRMED.

Opinion of the Court by Kapsner, Justice.

Russell J. Myhre, 341 Central Avenue North, Suite 3, P.O. Box 475, Valley City, ND 58072, for petitioner and appellant.

Sean B. Kasson, Assistant State’s Attorney, Courthouse, P.O. Box 5005, Minot, ND 58702-5005, for respondent and appellee.

Davis v. State

No. 20120272

Kapsner, Justice.

[¶1] Bradley Davis appeals from a district court order dismissing his motions for leave to depose witnesses and summarily dismissing his post-conviction relief application.  Because Davis produced no competent evidence to support his motion to depose Angela Cook, and the evidence he seeks to obtain by deposing Graylan Bobo and Angela Cook would not likely result in an acquittal, it was not an abuse of discretion to deny his motions for leave to depose Cook and Bobo.  The district court did not err by summarily dismissing his post-conviction relief application because no showing has been made that a genuine issue of material fact exists.  We affirm.

I

[¶2] In 2008, Davis was convicted of aggravated assault on Joshua Velasquez, and his codefendant, Antonio Stridiron, was convicted of murdering Velasquez after an early morning altercation at a July 2007 party.  Their convictions were affirmed in a consolidated appeal in 
State v. Stridiron
, 2010 ND 19, ¶ 32, 777 N.W.2d 892.  At trial, several witnesses testified about either seeing or hearing Davis strike Velasquez several times with a weapon.  
Id.
 at ¶ 31.

[¶3] In April 2010, Davis filed a pro se post-conviction relief application.  In the application, he asserted he had newly-discovered evidence but did not provide further detail.  In December 2010, the State moved to summarily dismiss Davis’s application arguing Davis failed to raise a genuine issue of material fact.  In early January 2011, Davis opposed the State’s motion asserting his new evidence would support his contention he did not assault Velasquez, but rather acted in self-defense.  Later that month, Davis’s newly-appointed attorney also filed a brief in opposition to the State’s motion for summary dismissal and stated he found in Davis’s case file a written note from Charles Price, a key State witness in Davis’s trial, indicating Price wanted to “revise his statement.”
(footnote: 1)  Davis’s attorney sought more time to “secure the information necessary to support [Davis’s] application for post-conviction relief.”  In February 2011, Davis’s attorney again opposed the State’s motion for summary dismissal.  Davis’s attorney noted he had been unable to contact Price because Price was incarcerated in Texas and requested additional time to contact Price.  Davis’s attorney also submitted a copy of Price’s April 2009 handwritten note, that stated:

I Charles Price would like to revise my statement I, under penalty of perjury to disclose the truth concerning these proceedings that I made on the night of July 27, 2007 against [Bradley] Davis and [Antonio] Stridiron and I would like to talk to legal Counsel about this.

[¶4] In September 2011, the district court held a status conference hearing on Davis’s application.  Davis’s attorney told the court his continued efforts to contact Price were unsuccessful as Price had neither responded to his letters nor returned a proposed affidavit.  Just before the hearing, Davis told his attorney of an individual in the area he believed to be Price’s girlfriend, Angela Cook.  Davis asserted that Cook could testify Price was not present at the July 2007 altercation because she was with Price on the night of the assault and, therefore, Price’s trial testimony regarding Davis’s involvement in Velasquez’s death was fabricated.  Davis’s attorney sought additional time to contact Cook.  The State requested summary dismissal.  The district court granted Davis additional time to contact Price and Cook and stated it would conduct a “status check” in February 2012.

[¶5] In December 2011, Davis’s attorney filed a motion for leave to depose Angela Cook and filed a brief in support of his motion that included an offer of proof of Cook’s anticipated testimony.  Davis’s attorney asserted Cook originally agreed to sign an affidavit stating she was with Price at a different location the night of the assault, but Cook had not responded to his subsequent requests.  The State opposed the motion for leave to depose Cook and again moved for summary dismissal.

[¶6] The court scheduled a hearing in February 2012 to show cause why it should not grant the State’s motion for summary dismissal.  Davis’s attorney informed the court that Davis’s wife recently told him of an inmate, Graylan Bobo, who could offer evidence Price had told Bobo that Price was not present during the assault and was not truthful at trial.  The district court gave Davis until March 8, 2012, to submit competent admissible evidence to support his motion for leave to depose Cook or it would deny his motion and dismiss his post-conviction relief application.  Davis’s attorney then filed a motion for leave to depose Bobo and filed an affidavit from Bobo, stating Price had told Bobo, while they were incarcerated together, that Price did not witness the July 2007 assault and lied at trial to facilitate his own plea agreement.  In March 2012, the State opposed Davis’s motion to depose Bobo and again moved for summary dismissal.  Davis did not file a motion for leave to depose Price.

[¶7] In May 2012, the district court denied Davis’s motions for leave to depose Cook and Bobo and summarily dismissed his post-conviction relief application.  The district court found Davis had not provided competent admissible evidence to support his motion to depose Cook, and because the evidence he seeks to obtain from Bobo is not likely to lead to an acquittal, the court denied the motions for leave to depose.  As a result, the court summarily dismissed Davis’s application.

II

[¶8] On appeal, Davis argues the district court abused its discretion in denying his motions to depose Cook and Bobo, because without their depositions, he cannot prove Price lied at trial.  Consequently, Davis argues, the district court erred in summarily dismissing his post-conviction relief application.

[¶9] “Post-conviction relief proceedings are civil in nature and are governed by the North Dakota Rules of Civil Procedure.”  
Wheeler v. State
, 2008 ND 109, ¶ 5, 750 N.W.2d 446 (citation omitted).  A petitioner’s post-conviction relief application is “not required to include . . . supporting evidentiary materials necessary to withstand a potential motion for summary dismissal.”  
Overlie v. State
, 2011 ND 191, ¶ 7, 804 N.W.2d 50 (citing N.D.C.C. § 29-32.1-04 and 
State v. Bender
, 1998 ND 72, ¶ 19, 576 N.W.2d 210).  If the State moves for summary dismissal, putting a petitioner to his proof, a minimal burden shifts to the petitioner to support his application with “competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.”  
Ude v. State
, 2009 ND 71, ¶ 8, 764 N.W.2d 419 (citing 
Wheeler
, 2008 ND 109, ¶ 5, 750 N.W.2d 446).  “A genuine issue of material fact exists if reasonable minds could draw different inferences and reach different conclusions from the undisputed facts.”  
Coppage v. State
, 2011 ND 227, ¶ 14, 807 N.W.2d 585 (citation and quotation omitted).

[¶10] Davis’s 2010 post-conviction relief application asserted he had newly-

discovered evidence favorable to him.  Though Price purportedly sent his April 2009 note on his own accord, Price has not followed up and provided any other information.  Price has not responded to any correspondence from Davis’s attorney, and at no time has Price indicated how he would “revise [his] statement.”

[¶11] Once the State moved for summary dismissal, Davis had the burden to support his application with competent admissible evidence.  Because he was unable to secure admissible evidence from Price, Davis sought to support his assertion by deposing Cook and later Bobo.  Under N.D.C.C. § 29-32.1-08, “[t]he court, for good cause, may grant leave to either party to use the discovery procedures available in criminal or civil proceedings.”  
See also
 
Mertz v. State
, 535 N.W.2d 834, 837 (N.D. 1995).  A “district court has broad discretion in defining the scope of discovery, and we will not reverse a court’s discovery decision absent an abuse of discretion.”  
Wheeler
, 2008 ND 109, ¶ 15, 750 N.W.2d 446 (citation omitted).  Moreover, the party claiming the district court abused its discretion must meet a heavy burden:

The district court abuses its discretion only when it acts in an arbitrary, unreasonable, or unconscionable manner, or when its decision is not the product of a rational mental process leading to a reasoned determination.  The party seeking relief must show more than the district court made a “poor” decision, but that it positively abused the discretion it has . . . .

Investors Title Ins. Co. v. Herzig
, 2010 ND 169, ¶ 38, 788 N.W.2d 312 (quoting 
Martin v. Trinity Hosp.
, 2008 ND 176, ¶ 17, 755 N.W.2d 900).

[¶12] In 
Wheeler
, this Court upheld a district court’s denial of a post-conviction relief applicant’s request for subpoenas noting an evidentiary hearing would be nothing more than a “fishing expedition” because “Wheeler failed to provide any competent evidence to show even minimal support for his assertion of juror misconduct . . . .”  2008 ND 109, ¶ 16, 750 N.W.2d 446.  The district court determined Wheeler’s claim that a juror lied during voir dire by stating that she did not know Wheeler “lacked factual support” as it relied on “bare assertions” based on Wheeler’s purported conversation with an individual at the state penitentiary who provided no supporting affidavits or testimony.  
Id.
 at ¶¶ 9, 16.  We noted N.D.C.C. § 29-32.1-08 required Wheeler to show “good cause” for the district court to grant leave to use discovery procedures.  Criminal or civil discovery procedures are allowed in post-conviction proceedings, but the standard for accessing these discovery procedures in the post-conviction context is different.  Section 29-32.1-08, N.D.C.C., states:  “The court, for good cause, may grant leave to either party to use the discovery procedures available in criminal or civil proceedings.  Discovery procedures may be used only to the extent and in the manner the court has ordered . . . .”  Consequently, the district court has wide discretion in:  (1) determining whether good cause exists, and (2) in determining the extent and manner in which discovery will be conducted, if allowed.

[¶13] Federal habeas petitioners seeking leave for discovery must also show good cause.  “A judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery.”  Rules Governing 28 U.S.C. § 2254 Cases, Rule 6(a).  The United States Supreme Court has stated the Rule 6(a) good cause standard means “where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief, it is the duty of the court to provide the necessary facilities and procedures for an adequate inquiry.”  
Bracy v. Gramley
, 520 U.S. 899, 908-09 (1997) (quoting 
Harris v. Nelson
, 394 U.S. 286, 300 (1969)).  The Supreme Court also emphasized, however, that Bracy supported his discovery request not only by identifying allegations that could lead to relief, if true, but also to additional specific evidence to support his claim.  
Id.
 at 909.  Thus, under 
Bracy
’s good cause standard, a court must not only require the petitioner’s claim demonstrate entitlement to relief, if proven, but also that it contains specific and particularized allegations.  
See e.g.
, 
Shelton v. Quarterman
, 294 F. App’x 859, 864 (5th Cir. 2008) (to reverse district court denial of motion for leave to conduct discovery, “we must at least conclude that (1) [petitioner] stated a prima facie case for relief based on the evidence sought to be discovered and (2) that [petitioner’s] prima facie case was premised on specific allegations rather than speculative and bald accusations.  The court must then find that the district court abused its discretion in denying [petitioner] further discovery.”) (citation omitted).

[¶14] To obtain discovery under N.D.C.C. § 29-32.1-08’s good cause standard:  (1) the evidence sought to be discovered, if established, must allow the applicant to obtain relief under N.D.C.C. § 29-32.1-01, and (2) contain specific and particularized allegations.  
Accord
 
Ex parte Perkins
, 941 So. 2d 242, 245 (Ala. 2006), 
overruled on other grounds by
 
State v. Martin
, 69 So. 3d 94, 97 (Ala. 2011).  In applying this standard, the district court has wide discretion, and its good cause analysis should “consider[] the issues presented in the petition, the scope of the requested discovery, the length of time between the conviction and the post-conviction proceeding, the burden of discovery on the State and on any witnesses, and the availability of the evidence through other sources.”  
State v. Turner
, 976 So. 2d 508, 512 (Ala. Crim. App. 2007) (citations omitted) (discussing good cause standard).

[¶15] Because post-conviction relief cases are not an opportunity to relitigate issues, 
Steen v. State
, 2007 ND 123, ¶ 13, 736 N.W.2d 457, it is the unusual case in which a post-conviction relief court will compel discovery, limited to issues upon which relief is available.  
Turner
, 976 So. 2d at 512 (citing 
State v. Marshall
, 690 A.2d 1, 91 (N.J. 1997)).  This is because post-conviction relief “is not a device for investigating possible claims, but a means for vindicating actual claims.”  
Turner
, at 512 (citation omitted); 
see also
 
Commonwealth v. Chambers
, 807 A.2d 872, 889 (Pa. 2002) (“[A] showing of good cause [for post-conviction relief discovery] requires more than just a generic demand for potentially exculpatory evidence . . . .”) (citation omitted); 
State v. Thomas
, 462 N.W.2d 862, 868 (Neb. 1990).

[¶16] Here, Davis filed his post-conviction relief application in early 2010.  At that time, he asserted he had newly-discovered evidence favorable to him; however, he was ultimately unable to contact Price and focused his attention on Cook.  Davis first asserted Cook had relevant evidence in September 2011, and Davis filed a motion for leave to depose Cook in December 2011.  His attorney had approximately seven months to secure some minimal amount of evidence from her to convince the district court the facts he sought to develop would lead to relief but was unable to support his motion.  Despite Cook’s purported initial willingness to provide information about Price, she did not respond to subsequent efforts to contact her.  In denying Davis’s motion for leave to depose Cook, the court noted it specifically told Davis’s attorney on February 7, 2012, that he had one more month to secure competent admissible evidence by affidavit or other comparable means or his motion would be denied.  Davis provided nothing to support his motion.

[¶17] Davis had the burden to show good cause for leave to use discovery, and as in 
Wheeler
, we conclude Davis has not provided any competent evidence from Cook to support his speculative, unsubstantiated assertion Cook has evidence that Price lied at trial.  The district court did not abuse its discretion in denying his motion for leave to depose Cook. 

[¶18] Unlike his motion for leave to depose Cook, Davis submitted an affidavit from Bobo in support of his motion for leave to depose Bobo.  Davis asserts this new evidence “proves” he was acting in self-defense and did not assault Velasquez, contrary to Price’s testimony.  The State asserts that Bobo’s affidavit statement is hearsay and is unreliable, Davis is attempting to establish recantation testimony of Price through Bobo, and the verdict was not based solely on Price’s testimony.

[¶19] A district court may grant post-conviction relief when “[e]vidence, not previously presented and heard, exists requiring vacation of the conviction or sentence in the interest of justice.”  N.D.C.C. § 29-32.1-01(1)(e).  “[T]his statutory ground for post-conviction relief is similar to a request for new trial based on newly discovered evidence under N.D.R.Crim.P. 33.”  
Moore v. State
, 2007 ND 96, ¶ 9, 734 N.W.2d 336 (citations omitted).  This Court has stated:

To prevail on a motion for new trial on the basis of newly discovered evidence under N.D.R.Crim.P. 33, the defendant must show:  (1) the evidence was discovered after trial, (2) the failure to learn about the evidence at the time of trial was not the result of the defendant’s lack of diligence, (3) the newly discovered evidence is material to the issues at trial, and (4) the weight and quality of the newly discovered evidence would likely result in an acquittal.

Tweed v. State
, 2010 ND 38, ¶ 16, 779 N.W.2d 667 (citing 
Moore
, at ¶ 9) (quotations omitted).  If the new evidence is unlikely to change the result of the original trial, the defendant has not met the required burden of proof.  
Id.
 (citation omitted).  A motion for new trial based on newly discovered evidence rests within the district court’s discretion and will not be reversed absent an abuse of discretion.  
State v. Steinbach
, 1998 ND 18, ¶ 22, 575 N.W.2d 193 (citation omitted).

[¶20] Here, applying the four-prong test, the district court found:  (1) the evidence was found after trial; (2) it was possible for Davis to have discovered Bobo and elicited a statement from him prior to or during the trial; (3) the evidence was material; and (4) the weight and quality of the evidence would not likely result in an acquittal.  We agree. 

[¶21] Though Davis asserts the evidence he seeks would establish he acted in self-

defense, other testimony from his criminal trial undercuts his assertion.  Rodney Robinson testified he saw Davis and others telling Velasquez to leave the area, and Davis and Velasquez got into a fist fight.  A few minutes later, Davis left and retrieved a rake with a pole and sharp blade, and Davis was swinging it at Velasquez telling him to leave.  Robinson testified Davis hit Velasquez a couple times as Velasquez was backing up.  Velasquez appeared to be leaving or forced back, and Robinson testified, “[Velasquez] got a little ways down the alley and [Davis] hit him or he swung it and I think it hit him and [Velasquez] went down.”  Robinson testified Davis then walked away as Velasquez was on the ground, and Stridiron shot Velasquez.  As we noted in Davis’s sufficiency of the evidence appeal, “[s]everal witnesses testified about seeing Davis leave the duplex with a garden implement, and either hearing or seeing Davis striking Velasquez numerous times with the garden tool and inflicting serious injuries.”  
Stridiron
, 2010 ND 19, ¶ 31, 777 N.W.2d 892.

[¶22] Contrary to Price’s testimony at the criminal trial that Davis repeatedly struck Velasquez from behind, Davis now seeks to show he hit Velasquez from the front to support his purported self-defense argument.  However, even if it were shown Davis did not hit Velasquez from the back, Robinson’s testimony is sufficient to support an aggravated assault charge.  His testimony shows that, after the fist fight, Davis left and returned with a weapon, forced Velasquez away from the area, and struck Velasquez with the weapon knocking him down.  While Davis asserts this was in self-

defense, the jury did not agree.

[¶23] Davis has not shown that the evidence obtained from Bobo, an individual incarcerated in the same institution as Davis, if established, would likely change the result in the original trial.  Consequently, he cannot establish the first prong of N.D.C.C. § 29-32.1-08’s good cause standard because, even assuming the evidence he seeks is true, it will not support his request for relief.

[¶24] Further, the district court noted that the trial jury had heard evidence from another witness, Ginger Anderson, that she was certain that Price had not been present at the crime.  The district court noted the trial jury “had the choice to believe either Ginger Anderson or Charles Price, or even to ignore the testimony of both of them and make [its] decision based upon the testimony of other witnesses who were at the Davis residence the night of the murder.”  
See
 
Greywind v. State
, 2004 ND 213, ¶¶ 17-22, 689 N.W.2d 390 (post-conviction relief application asserting newly discovered evidence in the form of recanted codefendants’ statements denied; other record evidence implicating applicant existed).  This is not a case in which conviction was based upon the testimony of a single witness.  The evidence sought to be introduced by Davis is merely duplicative of evidence heard and considered by the trial jury.  The evidence does not establish an issue of fact upon which post-

conviction relief must be granted.  The district court did not abuse its discretion in denying Davis’s motions for leave to depose Cook and Bobo.

III

[¶25] Davis argues the district court erred by summarily dismissing his post-

conviction relief application.  “This Court reviews an appeal from a summary dismissal of post-conviction relief as it would review an appeal from summary judgment.”  
Overlie
, 2011 ND 191, ¶ 6, 804 N.W.2d 50 (citing 
Berlin v. State
, 2005 ND 110, ¶ 6, 698 N.W.2d 266).  A petitioner’s post-conviction relief application is “not required to include . . . supporting evidentiary materials necessary to withstand a potential motion for summary dismissal.”  
Overlie
, at ¶ 7 (citing N.D.C.C. § 29-

32.1-04 and 
State v. Bender
, 1998 ND 72, ¶ 19, 576 N.W.2d 210).  If the State moves for summary dismissal, putting a petitioner to his proof, a minimal burden shifts to the petitioner to support his application with “competent admissible evidence by affidavit or other comparable means which raises an issue of material fact.”  
Ude
, 2009 ND 71, ¶ 8, 764 N.W.2d 419 (citing 
Wheeler
, 2008 ND 109, ¶ 5, 750 N.W.2d 446).  “The party resisting the motion may not merely rely on the pleadings or unsupported conclusory allegations . . . .”  
Steinbach v. State
, 2003 ND 46, ¶ 10, 658 N.W.2d 355 (quoting 
Clark v. State
, 1999 ND 78, ¶ 5, 593 N.W.2d 329).  When there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law, the district court may summarily dismiss an application for post-

conviction relief.  
Sambursky v. State
, 2006 ND 223, ¶ 7, 723 N.W.2d 524 (citations omitted).  “The party opposing the motion for summary disposition is entitled to all reasonable inferences at the preliminary stages of a post-conviction proceeding and is entitled to an evidentiary hearing if a reasonable inference raises a genuine issue of material fact.”  
Overlie
, at ¶ 6 (quoting 
Berlin
, at ¶ 6).

[¶26] Davis has had over two years between the filing of his application and its dismissal to come forward with some form of competent, admissible evidence to support his assertion that he has evidence requiring vacation of the conviction.  Davis has failed to do so.

IV

[¶27] The district court order is affirmed.

[¶28] Carol Ronning Kapsner

Mary Muehlen Maring

Daniel J. Crothers

Dale V. Sandstrom

Gerald W. VandeWalle, C.J.

FOOTNOTES
1:    
The record is not clear when the information about Price was first presented to the district court.